UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
No. 3:20-cv-00045-NKM

| | |
|---|---|
| WILD VIRGINIA, VIRGINIA WILDERNESS COMMITTEE, UPSTATE FOREVER, SOUTH CAROLINA WILDLIFE FEDERATION, NORTH CAROLINA WILDLIFE FEDERATION, NATIONAL TRUST FOR HISTORIC PRESERVATION, MOUNTAINTRUE, HAW RIVER ASSEMBLY, HIGHLANDERS FOR RESPONSIBLE DEVELOPMENT, DEFENDERS OF WILDLIFE, COWPASTURE RIVER PRESERVATION ASSOCIATION, CONGAREE RIVERKEEPER, THE CLINCH COALITION, CLEAN AIR CAROLINA, ALLIANCE FOR THE SHENANDOAH VALLEY, and ALABAMA RIVERS ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNCIL ON ENVIRONMENTAL QUALITY and MARY NEUMAYR IN HER OFFICIAL CAPACITY AS CHAIR OF THE COUNCIL ON ENVIRONMENTAL QUALITY,<br><br>Defendant. | **MOTION FOR PRELIMINARY INJUNCTION OR STAY** |

Pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 11, the Plaintiffs ("Conservation Groups") move for a preliminary injunction prohibiting the application of the final rulemaking titled "Update to the Regulations Implementing the Procedural Provisions of the National Environmental Policy Act," 85 Fed. Reg. 43,304 (July 16, 2020) (to be codified at 40 C.F.R. §§ 1500–1508) ("Rule"), until such time as this court issues a ruling on the merits

declaring the Final Rule invalid and setting it aside. In the alternative, the Conservation Groups request that the Court stay the effective date of the Rule for the pendency of this litigation pursuant to the Administrative Procedure Act, 5 U.S.C. § 705, with an order clarifying that the Rule may not be applied to ongoing projects while the effective date is stayed. The Rule is currently scheduled to go into effect on September 14, 2020, so the Conservation Groups request expedited briefing and a hearing so that the Court may rule on this motion before the effective date.

As set out more fully in the accompanying Memorandum in Support, the Conservation Groups meet the standard for a preliminary injunction or stay. The Conservation Groups are likely to prevail on the merits of their claims because CEQ violated the APA in numerous ways in promulgating the Final Rule. The Final Rule is arbitrary and capricious as well as contrary to law, making it the duty of this Court to set it aside. 5 U.S.C. § 706(2).

Absent an order from this Court maintaining the status quo while this litigation is pending, the Conservation Groups will suffer irreparable harm because projects will proceed under the illegal regulations, leading to a legally deficient NEPA review process and environmental harm, *see Sierra Club v. Marsh*, 872 F.2d 497, 504 (1st Cir. 1989) ("[T]he harm at stake in a NEPA violation *is* a harm to the *environment*. . ."); the Conservation Groups will immediately be denied information and expert analysis to which they are entitled under NEPA and will have to divert non-recoverable resources in order to fund the gathering of information and analysis withheld by the Rule; and the Conservation Groups will be unable to participate in the NEPA review process to the extent to which they are entitled by law.

The balance of the equities favors an injunction, because CEQ suffers no harm in adhering to the law and ensuring a full and complete NEPA review process under the

longstanding current regulations.  Similarly, an injunction is in the public interest, because it would prevent the inevitable uncertainty and confusion that would come from this Final Rule becoming effective.  Additionally, the public benefits from a comprehensive NEPA review process, which the Final Rule does not provide for.  In addition to the Rule's facial invalidity, a nationwide injunction is appropriate because the Conservation Groups and their members work on projects affected by the Rule throughout the country.

Therefore, the Conservation Groups request that the Court preliminarily enjoin Defendants from enforcing the Final Rule until this litigation is resolved on the merits.  The Conservation Groups request expedited briefing and a hearing on this motion so that the Court may rule before the Rule's effective date of September 14, 2020.

Respectfully submitted, this 18th day of August, 2020.

/s/ Kimberley Hunter
N.C. Bar No. 41333
601 West Rosemary Street
Suite 220
Chapel Hill, NC 27516

/s/ Sam Evans
N.C. Bar No. 44992
48 Patton Ave
Suite 304
Asheville, NC 28801-3321

/s/ Nicholas S. Torrey
N.C. Bar No. 43382
601 West Rosemary Street
Suite 220
Chapel Hill, NC 27516

/s/ Megan Kimball
N.C. Bar No. 53837
601 West Rosemary Street
Suite 220
Chapel Hill, NC 27516

/s/ Kristin Davis
VA. Bar No. 85076
201 West Main St.
Suite 14
Charlottesville, VA 22902-5065

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2020, I electronically filed the foregoing Motion for Preliminary Injunction or Stay with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to all counsel of record.

Additionally, because the Defendants have not yet entered an appearance in the CM/ECF System, I also served the foregoing Motion on all parties, by certified mail, return receipt requested at the addresses listed below:

COUNCIL ON ENVIRONMENTAL QUALITY
Executive Office of the President
730 Jackson Place, NW
Washington, DC 20503

MARY NEUMAYR, CEQ Chair, in her official capacity
Council on Environmental Quality
Executive Office of the President
730 Jackson Place, NW
Washington, DC 20503

/s/      Kimberley Hunter