UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| WILD VIRGINIA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COUNCIL ON ENVIRONMENTAL QUALITY, *et al.*, <br><br> *Defendants*. | Case No.: 3:20-cv-00045 <br><br> ORDER <br><br> Judge Norman K. Moon |

This matter is before the Court on the parties' filings concerning the briefing schedule on Plaintiffs' Motion for Preliminary Injunction, filed on August 18, 2020. Dkt. 30; Dkts. 31–34. This suit, Plaintiffs' complaint, and their Motion for Preliminary Injunction challenge the legality of the Council on Environmental Quality's new, final regulations that govern implementation of the National Environmental Policy Act. 85 Fed. Reg. 43,304.

CEQ issued its new regulations on July 16, 2020. On July 29, less than two weeks later, Wild Virginia and other Plaintiffs filed suit in this Court. Dkt. 1. On August 18, just under three weeks later, Plaintiffs moved for a preliminary injunction and requested expedited briefing and a decision before the effective date of the rule, September 14, 2020. Dkt. 30-1 at 122.

The next day, August 19, Defendants opposed Plaintiffs' request for expedited briefing and proposed a briefing schedule. Dkts. 31, 32. Defendants argue that they should not have to expedite their briefing, especially considering the substantial length (100+ pages) of Plaintiffs' briefing in support of their Motion for Preliminary Injunction, and the three weeks Plaintiffs took to work on their brief after they filed their Complaint. Dkt. 31 at 1–2. Defendants also argue that nothing of any concrete consequence will take place on the Rule's September 14, 2020 effective date that

1

would justify expedited briefing and decision. "No permit will issue on September 14, 2020 … Instead, on September 14, 2020, the agencies will simply need to use the new regulations to solicit and develop information about as-yet non-final agency actions to be decided on and consummated at some point months or years later." Dkt. 31 at 3.

Plaintiffs counter that on September 14 the new regulations "will apply to not only new projects but also to existing projects that are already under review." Dkt. 33 at 1. That is because the new regulations provide that "[a]n agency may apply the regulations in this subchapter to ongoing activities and environmental documents *begun before September 14, 2020*." 40 C.F.R. § 1506.13 (2020) (emphasis added). Plaintiffs cite Executive Branch memoranda and statements to substantiate their contention that the new NEPA regulations will be applied to NEPA reviews already underway, rather than just to future projects. Dkt. 33 at 4–5 (citing, e.g., Memorandum to Forest Service of June 12, 2020, including "expediting environmental reviews" pursuant to NEPA in "blueprint for reforms").

On the one hand, the Court expects that Plaintiffs could have trimmed many pages from their Motion for Preliminary Injunction filings without impairing their ability to present their arguments. And, to be sure, that would have afforded Defendants more valuable time to brief, and this Court to consider and resolve, Plaintiffs' requests. On the other hand, Defendants cannot claim to have been caught by surprise by these legal challenges to the new NEPA regulations. The Court anticipates many of the arguments Plaintiffs raised in their Complaint and Motion for Preliminary Injunction already were presented to the agency during notice-and-comment rulemaking. And, as Defendants note, the proposed NEPA regulations were already the subject of another suit pending in this District in *Southern Environmental Law Center v. Council on Environmental Quality*, No. 3:18-cv-113-GEC. *See* Dkt. 31 at 5. The Court also notes that in the last two days alone, since

2

the filing of the Motion for Preliminary Injunction, Defendants filed over 15 pages of arguments opposing expedited briefing. Those filings, and Plaintiffs' responses thereto, in that timeframe show that the parties have the capacity to ably advance their positions in briefing and argument on an expedited basis, should the Court determine it appropriate to rule in advance of September 14, 2020.

The Court **ORDERS** that the parties be prepared to file their briefs in accordance with the following schedule:

| | |
|---|---|
| August 18, 2020 | Plaintiffs' Motion for Preliminary Injunction |
| August 25, 2020 | Defendants' Motion to Dismiss |
| September 2, 2020 | Defendants' Response to Plaintiffs' Motion for Preliminary Injunction |
| | Plaintiffs' Response to Defendants' Motion to Dismiss |
| September 4, 2020 | Hearing on Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss |
| September 9, 2020 | Plaintiffs' Reply Brief in Support of their Motion for Preliminary Injunction |
| | Defendants' Reply in Support of their Motion to Dismiss |

In view of the length of Plaintiffs' brief in support of their Motion for Preliminary Injunction, Defendants shall have a comparable page limit for their opposition but are advised to present any responsive arguments as succinctly as possible. Defendants' brief in support of their motion to dismiss and Plaintiffs' response thereto shall be no more than 45 pages. Any reply brief shall be no more than 30 pages. No longer briefs shall be permitted absent leave of court and good cause shown.

The Court also **ORDERS** the parties to contact Heidi Wheeler, Scheduling Clerk, forthwith at (434) 296-9284, to schedule a telephonic status conference on **August 24, 2020**. The Court may confirm or revise its briefing schedule set forth above following the status conference.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to the parties.

Entered this 21st day of August, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE