IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

No. 3:20-cv-00045-JPJ-PMS

| | |
|---|---|
| WILD VIRGINIA, VIRGINIA WILDERNESS COMMITTEE, UPSTATE FOREVER, SOUTH CAROLINA WILDLIFE FEDERATION, NORTH CAROLINA WILDLIFE FEDERATION, NATIONAL TRUST FOR HISTORIC PRESERVATION, MOUNTAINTRUE, HAW RIVER ASSEMBLY, HIGHLANDERS FOR RESPONSIBLE DEVELOPMENT, DEFENDERS OF WILDLIFE, COWPASTURE RIVER PRESERVATION ASSOCIATION, CONGAREE RIVERKEEPER, THE CLINCH COALITION, CLEAN AIR CAROLINA, CAPE FEAR RIVER WATCH, ALLIANCE FOR THE SHENANDOAH VALLEY, and ALABAMA RIVERS ALLIANCE,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNCIL ON ENVIRONMENTAL QUALITY and MARY NEUMAYR IN HER OFFICIAL CAPACITY AS CHAIR OF THE COUNCIL ON ENVIRONMENTAL QUALITY,<br><br>　　　　　　　Defendants,<br><br>AMERICAN FARM BUREAU FEDERATION, AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS, AMERICAN FOREST RESOURCE COUNCIL, AMERICAN PETROLEUM INSTITUTE, AMERICAN ROAD & TRANSPORTATION BUILDERS ASSOCIATION, CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, FEDERAL FOREST RESOURCE COALITION, INTERSTATE NATURAL GAS ASSOCIATION OF AMERICA, and NATIONAL CATTLEMEN'S BEEF ASSOCIATION,<br><br>　　　　　　　Defendant-Intervenors. | **PLAINTIFFS' MOTION FOR STATUS CONFERENCE** |

Plaintiffs ("Conservation Groups") respectfully move this Court to convene a status conference, either by telephone conference or video conference, to discuss the management of this case. In support thereof, the Conservation Groups state the following:

1. The Conservation Groups commenced this proceeding on July 29, 2020, *see* Dkt. 1, and filed a motion for preliminary injunction on August 18, 2020, *see* Dkt. 30. Defendant and Defendant-Intervenors filed motions to dismiss on standing and ripeness on August 25, 2020. *See* Dkt. 52, Dkt. 56.

2. On September 11, 2020, the Court denied the Conservation Groups' motion for preliminary injunction, stating in part that "it is not unlikely that interpretative testimony and expert opinion would be required for the proper determination of the validity of the Rule" and "the jurisdictional standing and ripeness issues raised in opposition to the request for an injunction and in the pending Rule 12(b)(1) motions to dismiss may very well require evidence." Dkt. 92 at 11.

3. The deadline for the Conservation Groups to appeal this Court's denial of the motion for preliminary injunction is November 10, 2020.

4. The Court has not yet ruled on the Defendants' or Defendant-Intervenors' Motions to Dismiss.

5. The NEPA Rule at issue in this proceeding went into effect on September 14, 2020. *See* 40 C.F.R. § 1506.13.

6. On September 14, 2020, the Conservation Groups contacted Defendants and Defendant-Intervenors to suggest a status conference to discuss the anticipated timeline for the government to file the administrative record, a timeline for briefing expedited summary

judgment, and the discovery issues raised in the Court's order and (if necessary) a schedule for completing discovery.

7.   Defendant-Intervenors take no position on this motion for a status conference, but note their position that discovery should not be conducted in record review cases, except in narrow circumstances not present in this litigation.

8.   Defendants oppose a status conference and note their preference to negotiate a case management schedule with the Conservation Groups prior to discussion with the Court. Defendants' proposed schedule would not begin until the Court rules on the Motions to Dismiss. Defendants also assert their position that discovery is not necessary in this case.

9.   The Conservation Groups request a status conference to obtain guidance from the Court on the discovery issues raised in the Court's recent order, as well as any anticipated timeline for a ruling on the Motions to Dismiss, as they relate to a potential interlocutory appeal of the Preliminary Injunction, and/or expedited briefing on Summary Judgment. The Conservation Groups believe all parties would benefit from more guidance from the Court on these issues prior to setting a case management schedule.

10.   For the reasons stated above, the Conservation Groups respectfully request a status conference with all parties and the Court.

Respectfully submitted, September 17th, 2020.

SOUTHERN ENVIRONMENTAL LAW CENTER

/s/ Kimberley Hunter
N.C. Bar No. 41333
601 West Rosemary Street
Suite 220
Chapel Hill, NC 27516
khunter@selcnc.org
919-967-1450

/s/ Sam Evans
N.C. Bar No. 44992
48 Patton Ave
Suite 304
Asheville, NC 28801-3321
sevans@selcnc.org
828-258-2023

/s/ Nicholas S. Torrey
N.C. Bar No. 43382
601 West Rosemary Street
Suite 220
Chapel Hill, NC 27516
ntorrey@selcnc.org
919-967-1450

/s/ Megan Kimball
N.C. Bar No. 53837
601 West Rosemary Street
Suite 220
Chapel Hill, NC 27516
mkimball@selcnc.org
919-967-1450

/s/ Kristin Davis
VA. Bar No. 85076
201 West Main St.
Suite 14
Charlottesville, VA 22902-5065
kdavis@selcva.org
434-977-4090

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17th, 2020, I electronically filed the foregoing Motion for a Status Conference with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to all counsel of record.


/s/     Kimberley Hunter