**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

|  |  |
|---|---|
| WILD VIRGINIA, VIRGINIA WILDERNESS COMMITTEE, UPSTATE FOREVER, SOUTH CAROLINA WILDLIFE FEDERATION, NORTH CAROLINA WILDLIFE FEDERATION, NATIONAL TRUST FOR HISTORIC PRESERVATION, MOUNTAINTRUE, HAW RIVER ASSEMBLY, HIGHLANDERS FOR RESPONSIBLE DEVELOPMENT, DEFENDERS OF WILDLIFE, COWPASTURE RIVER PRESERVATION ASSOCIATION, CONGAREE RIVERKEEPER, THE CLINCH COALITION, CLEAN AIR CAROLINA, CAPE FEAR RIVER WATCH, ALLIANCE FOR THE SHENANDOAH VALLEY, and ALABAMA RIVERS ALLIANCE, | Case No. 3:20-cv-00045-JPJ-PMS |
| Plaintiffs, | |
| v. | |
| COUNCIL ON ENVIRONMENTAL QUALITY and MARY NEUMAYR IN HER OFFICIAL CAPACITY AS CHAIR OF THE COUNCIL ON ENVIRONMENTAL QUALITY, | |
| Defendants, | |
| and | |
| AMERICAN FARM BUREAU FEDERATION, AMERICAN FOREST RESOURCE COUNCIL, AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS, AMERICAN PETROLEUM INSTITUTE, AMERICAN ROAD & TRANSPORTATION BUILDERS ASSOCIATION, CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, FEDERAL FOREST RESOURCE COALITION, INTERSTATE NATURAL GAS ASSOCIATION OF AMERICA, and NATIONAL CATTLEMEN'S BEEF ASSOCIATION, | |
| Defendants-Intervenors. | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR A STATUS CONFERENCE

Less than a week after the Court denied their request for a preliminary injunction, and while dispositive motions to dismiss remain pending, Plaintiffs seek an immediate status conference to "discuss management of this case." Pls.' Mot. for Status Conf. 2. Defendants oppose this request because it is premature. Defendants believe the Court and the parties would be better served if—rather than rushing to the Court in the first instance—the parties prepared and submitted a joint case management statement addressing the next steps in this litigation. With a statement outlining the parties' respective positions—including their areas of agreement and disagreement—the Court could make a deliberate decision about how case should proceed and hold a case management conference if needed. To that end, Defendants sought to engage Plaintiffs in the development of a joint statement, but Plaintiffs declined.

Nonetheless, to assist the Court in determining whether a status conference is needed, and to facilitate the Court's consideration of any issues that may require consideration at a status conference, Defendants set forth below their positions on the issues raised by Plaintiffs in their motion—including the propriety of discovery and expedited briefing on summary judgment—and propose a reasonable schedule for resolution of the remainder of this case. See Pls.' Mot. ¶¶ 6, 9. In addition, Defendants have conferred with Defendant-Intervenor Business Associations, and are authorized to represent that they agree with the proposed schedule outlined below.

### Nature of the Case & Proceedings to Date

Plaintiffs challenge Defendant CEQ's revised regulations governing the implementation of the National Environmental Policy Act (NEPA). 85 Fed Reg. 43,304 (July 16, 2020). Plaintiffs allege the revised regulations (the "2020 Rule") violate the Administrative Procedure Act (APA)

1

and NEPA. Defendants assert that the 2020 Rule was promulgated in accordance with all applicable laws and regulations.

Following the filing of their Complaint, Plaintiffs sought a preliminary injunction against the Rule, triggering cross motions to dismiss and placing an avalanche of paper before this Court for consideration in a compressed timeframe:

- 8/18/20 Motion for Preliminary Injunction & Motion to Expedite Briefing (ECF 30)

- 8/19/20 Defendants' Opposition to Expedited Briefing and Motion to Extend Time to Respond to Preliminary Injunction (ECF 31, 32)

- 8/20/20 Plaintiffs' Response in Support of Expedited Briefing (ECF No. 33)

- 8/21/20 Defendants' Reply in Support of Motion to Extend Time (ECF No. 34)

- 8/24/20 Status Conference before Judge Urbanski

- 8/25/20 Defendants' and Defendant-Intervenors' Motions to Dismiss (ECF 52, 53, 56, 57)

- 9/02/20 Plaintiffs' Opposition to Motion to Dismiss (ECF 73)

- 9/02/20 Defendants' and Defendant-Intervenors' Briefs in Opposition to Preliminary Injunction (ECF 74-75)

- 9/04/20 Oral Argument on Motion for Preliminary Injunction and Motions to Dismiss

- 9/09/20 Defendants' and Defendant-Intervenors' Reply Briefs in Support of Motions to Dismiss (ECF 88, 90)

- 9/09/20 Plaintiffs' Reply in Support of Preliminary Injunction (ECF 89)

- 9/11/20 Order denying Motion for Preliminary Injunction (ECF 92).

The denial of Plaintiffs' motion for a preliminary injunction makes clear that the continuation of this hectic pace of litigation—and the burden it places on the Court and the

2

parties—is unnecessary.[1]  To that end, Defendants suggest below a reasonable and orderly schedule for resolution of the remainder of this case.

## Judicial Review Under the APA

Plaintiffs note that they seek clarification of the Court's reference to discovery or expert testimony in its preliminary injunction decision.  Pls.' Mot. ¶ 9.  For the reasons set forth below, Defendants submit that discovery or expert testimony is not warranted or appropriate in this case.

The case is brought under the judicial review provisions of the APA, 5 U.S.C. § 706(2).  Under the APA, judicial review is generally restricted to the Administrative Record, and—provided a motion to dismiss is not granted—is conducted on cross-motions for summary judgment without need for trial, discovery or other fact-finding procedures.  *Sanitary Bd. of City of Charleston, W. Virginia v. Wheeler*, 918 F.3d 324, 334–35 (4th Cir. 2019); *Mayor & City Council of Baltimore v. Trump*, 429 F. Supp. 3d 128, 137 (D. Md. 2019) ("claims brought under the APA are adjudicated without a trial or discovery, on the basis of an existing administrative record[.]").  Because review is based on an administrative record, this matter is exempt from Federal Rule of Civil Procedure 26(f).  *See* Fed. R. Civ. P. 26(a)(1)(B)(i).  For this same reason, it would not be appropriate for the parties to offer, or for this Court to consider, interpretive testimony or expert opinion concerning the validity of the challenged Rule.

Discovery relating to the merits also would be inappropriate.  The use of discovery to supplement the administrative record is permitted only where there has been a "strong showing of bad faith or improper behavior."  *Tafas v. Dudas*, 530 F. Supp. 2d 786, 797 (E.D. Va. 2008).  *See also Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573–74 (2019) ("[W]e have recognized a

---

[1]  Notably, none of the plaintiffs in the other three cases across the country challenging the 2020 Rule have sought the emergency proceedings that Plaintiffs sought here.

narrow exception to the general rule against inquiring into the mental processes of administrative decisionmakers. On a strong showing of bad faith or improper behavior, such an inquiry may be warranted and may justify extra-record discovery." (internal citation and quotations omitted)). Were Plaintiffs to seek discovery, they would first have to seek leave and satisfy the Court that their request meets the standards articulated in *Tafas v. Dudas* and *Department of Commerce v. New York*.

Finally, discovery or other production of extra-record evidence is unwarranted with regard to Defendants' pending motion to dismiss. That motion is based on the legal principal that, until the 2020 Rule is applied to a concrete decision, Plaintiffs *cannot* be injured by the Rule and cannot satisfy the obligations of standing or ripeness. Factual evidence will not alter that legal calculus, which is the product of various Supreme Court and Fourth Circuit holdings. When, and if, the 2020 Rule is applied in a manner causing Plaintiffs harm, they can challenge that decision, but that is a question for a future case. No further evidence is need to resolve the pending motions to dismiss.

## Proposed Schedule

Defendants' and Defendant-Intervenors' motions to dismiss remain pending. These motions raise predicate jurisdictional issues under Article III that must be decided before the case proceeds to summary judgment. *Steel Co. v. Citizens for a Better Envt.*, 523 U.S. 83 ("Article III is always an antecedent question."). Should the Court deny the motions to dismiss, Defendants propose the schedule below for resolution of the merits of the case.

1.      30 days after any decision denying the pending motions to dismiss, Defendants will lodge with the Court, and provide to the parties, the administrative record in this matter.

3.      30 days after service of the administrative record, Plaintiffs shall file a motion for summary judgment and brief in support. Plaintiffs' brief shall be limited to 40 pages.

4

4. 30 days after service of Plaintiffs' motion for summary judgment, Defendants and Defendant-Intervenors shall each file a cross-motion for summary judgment and a brief in support of their cross-motion for summary judgment and in opposition to Plaintiffs' motion for summary judgment. Defendants' brief shall be limited to 50 pages and Defendant-Intervenors' shall be limited to 33 pages.

5. 30 days after service of Defendants' and Defendant-Intervenors' cross-motions, Plaintiffs shall file their brief in opposition to Defendants' and Defendant-Intervenors' cross-motions for summary judgment and reply in support of its motion for summary judgment. Plaintiffs' opposition/reply brief shall be limited to 35 pages.

6. 14 days after service of Plaintiffs' opposition/reply brief, Defendants and Defendant-Intervenors will file their replies in support of their cross-motions for summary judgment. Defendants' reply brief shall be limited to 25 pages and Defendant-Intervenors' shall be limited to 16 pages.

7. Any party granted amicus status shall file 10 days after the opening brief of the party on whose side they appear as amicus. Amicus filings shall be limited to 15 pages.

Plaintiffs suggest that "expedited" summary judgment briefing is warranted. Pls.' Mot. ¶ 9. The need for expedited relief, however, was settled by denial of Plaintiffs' motion for a preliminary injunction. At this point, the case should proceed with proper deliberation under the conventional schedule outlined above.

## Conclusion

Defendants submit the foregoing in the hopes of assisting the Court in developing a reasonable schedule for the remainder of this litigation.

Respectfully submitted this 17th day of September, 2020,

THOMAS T. CULLEN
United States Attorney

/s/ *Krista Frith*
Assistant United States Attorney
Virginia Bar No. 89088
United States Attorney's Office
P.O. Box 1709
Roanoke, VA 24008
TEL (540) 857-2250
FAX (540) 857-2614
Krista.frith@usdoj.gov

JEFFREY BOSSERT CLARK
Assistant Attorney General
JONATHAN BRIGHTBILL
Principal Deputy Assistant Attorney General
PAUL E. SALAMANCA
Senior Counsel

/s/ *Barclay T. Samford*
BARCLAY T. SAMFORD
NM State Bar No. 12323
Senior Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1475
E-mail: clay.samford@usdoj.gov

ALLEN M. BRABENDER
Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Appellate Section
Post Office Box 7415
Washington, D.C. 20044
Tel: (202) 514-5316
E-mail: allen.brabender@usdoj.gov

STEVEN W. BARNETT
Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
Post Office Box 7415
Washington, D.C. 20044
Tel: (202) 514-1442
E-mail: steven.barnett@usdoj.gov

6

MATTHEW R. OAKES
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
Post Office Box 7415
Washington, D.C. 20044
Tel: (202) 514-1442
E-mail: matthew.oakes@usdoj.gov

CLARE BORONOW
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1362
E-mail: clare.boronow@usdoj.gov