# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **WILD VIRGINIA,** ) | |
| **VIRGINIA WILDERNESS COMMITTEE,** ) | |
| **UPSTATE FOREVER,** ) | |
| **SOUTH CAROLINA WILDLIFE FEDERATION,** ) | |
| **NORTH CAROLINA WILDLIFE FEDERATION,** ) | |
| **NATIONAL TRUST FOR HISTORIC** ) | |
|   **PRESERVATION,** ) | |
| **MOUNTAINTRUE,** ) | |
| **HAW RIVER ASSEMBLY,** ) | |
| **HIGHLANDERS FOR RESPONSIBLE** ) | |
|   **DEVELOPMENT,** ) | |
| **DEFENDERS OF WILDLIFE,** ) | |
| **COWPASTURE RIVER PRESERVATION** ) | |
|   **ASSOCIATION,** ) | |
| **CONGAREE RIVERKEEPER,** ) | |
| **THE CLINCH COALITION,** ) | |
| **CLEAN AIR CAROLINA,** ) | |
| **CAPE FEAR RIVER WATCH,** ) | |
| **ALLIANCE FOR THE SHENANDOAH** ) | |
|   **VALLEY, and** ) | |
| **ALABAMA RIVERS ALLIANCE,** ) | |
| ) | |
|         Plaintiffs, ) | |
| ) | |
| v. ) | Case No. |
| ) | 3:20CV00045 |
| ) | |
| **COUNCIL ON ENVIRONMENTAL QUALITY,** ) | |
| **and** ) | |
| **MARY NEUMAYER IN HER OFFICIAL** ) | |
|   **CAPACITY AS CHAIR OF THE** ) | |
|   **COUNCIL ON ENVIRONMENTAL** ) | |
|   **QUALITY,** ) | |
| ) | |
|         Defendants, ) | |
| and ) | |

| | |
|---|---|
| **AMERICAN FARM BUREAU FEDERATION,** | ) |
| **AMERICAN FOREST RESOURCE COUNCIL,** | ) |
| **AMERICAN FUEL & PETROCHEMICAL** | ) |
|   **MANUFACTURERS,** | ) |
| **AMERICAN PETROLEUM INSTITUTE,** | ) |
| **AMERICAN ROAD & TRANSPORTATION** | ) |
|   **BUILDERS ASSOCIATION,** | ) |
| **CHAMBER OF COMMERCE OF THE UNITED** | ) |
|   **STATES OF AMERICA,** | ) |
| **FEDERAL FOREST RESOURCE COALITION,** | ) |
| **INTERSTATE NATURAL GAS ASSOCIATION** | ) |
|   **OF AMERICA, and** | ) |
| **NATIONAL CATTLEMEN'S BEEF** | ) |
|   **ASSOCIATION,** | ) |
| | ) |
|             Defendants-Intervenors. | ) |

## ORDER

The plaintiffs have filed a Motion for Status Conference. The plaintiffs' stated purpose for a status conference is to "obtain guidance from the Court on the discovery issues raised in the Court's recent order, as well as any anticipated timeline for a ruling on the Motions to Dismiss, as they relate to a potential interlocutory appeal of the Preliminary Injunction, and/or expedited briefing on Summary Judgment." Mot. 3, ECF No. 96. The defendants and defendants-intervenors oppose a status conference, oppose any discovery, and propose a briefing schedule for resolution of cross motions for summary judgment.

While I suggested in my opinion denying a preliminary injunction that evidence might be required to flesh out the parties' arguments, I did not mention

discovery.  My meaning was that summary judgment motions may be supported by declarations of experts or other sworn interpretive opinion.  The parties may dispute that, but I leave resolution of that issue for another day.

In any event, it is **ORDERED** as follows:

1. Plaintiffs' Motion for Status Conference, ECF No. 96, is DENIED;

2. Defendant's Motion to Dismiss, ECF No. 52, and Business Associations' Motion to Dismiss, ECF No. 56, are DENIED; and

3. The Proposed Schedule set forth in Defendants' Response, ECF No. 97, is ADOPTED by the Court.

ENTER: September 21, 2020

/s/  JAMES P. JONES
United States District Judge