# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Wild Virginia, Virginia Wilderness Committee, Upstate Forever, South Carolina Wildlife Federation, North Carolina Wildlife Federation, National Trust for Historic Preservation, Mountaintrue, Haw River Assembly, Highlanders for Responsible Development, Defenders of Wildlife, Cowpasture River Preservation Association, Congaree Riverkeeper, The Clinch Coalition, Clean Air Carolina, Cape Fear River Watch, Alliance for the Shenandoah Valley, *and* Alabama Rivers Alliance, <br><br>      *Plaintiffs*, <br><br>v. <br><br>Council on Environmental Quality *and* Mary Neumayr, in her official capacity as Chair of the Council on Environmental Quality, <br><br>      *Defendants*, <br><br>American Farm Bureau Federation, American Forest Resource Council, American Fuel & Petrochemical Manufacturers, American Petroleum Institute, American Road & Transportation Builders Association, Chamber of Commerce of the United States of America, Federal Forest Resource Coalition, Interstate Natural Gas Association of America, *and* National Cattlemen's Beef Association, <br><br>      *Defendants-Intervenors.* | Civ. No. 3:20-cv-45-JPJ <br><br> Hon. James P. Jones |

## BUSINESS ASSOCIATIONS' RESPONSE TO COMPLAINT

> MICHAEL B. KIMBERLY (*pro hac vice*)
> JOSHUA D. ROGACZEWSKI
>  McDermott Will & Emery LLP
>  500 North Capitol Street NW
>  Washington, DC 20001
>  (202) 756-8000
>
> *Attorneys for Business Associations*

## BUSINESS ASSOCIATIONS' RESPONSE TO COMPLAINT

The Business Associations hereby respond to the complaint as follows:

### A. No answer is required

The complaint in this case challenges a final rule of the Council on Environmental Quality (CEQ) titled "Update to the Regulations Implementing the Procedural Provisions of the National Environmental Policy Act," and published at 85 Fed. Reg. 43,304 (July 16, 2020). Plaintiffs assert causes of action under the Administrative Procedure Act only.

APA lawsuits like this one do not implicate the district court's role as a factfinding tribunal. Rather, a district court presented with a complaint under the APA assumes the role of an appellate court, reviewing the agency's decisionmaking on a fixed administrative record. *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994) ("Reviews of agency action in the district courts must be processed *as appeals*.").

Accordingly, the factfinding procedures applicable in ordinary federal civil litigation do not apply here. *Olenhouse*, 42 F.3d at 1580. "[C]laims brought under the APA are adjudicated without a trial or discovery, on the basis of an existing administrative record." *Mayor & City Council of Baltimore v. Trump*, 429 F. Supp. 3d 128, 137 (D. Md. 2019) (quoting *Audubon Naturalist Soc'y of the Cent. Atl. States, Inc. v. U.S. Dep't of Transp.*, 524 F. Supp. 2d 642, 660 (D. Md. 2007); *accord, e.g.*, *Brandon v. Nat'l Credit Union Ass'n*, 115 F. Supp. 3d 678, 684 (E.D. Va. 2015). Stated another way, "in an APA case, a reviewing court should have before it neither more nor less information than did the agency when it made its decision." *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) (quotation marks omitted).

Answers in APA cases like this one are therefore inapt. "The purpose of the answer is . . . only to determine which of plaintiff's [factual] allegations defendants dispute." 5 Fed. Prac. & Proc. Civ. § 1182 (3d ed.). But the outcomes of APA lawsuits do not turn on the parties' disputes of factual allegations before the district court; they turn only on whether the agency's decision is

1

rationally grounded in the administrative record and statutory text, and otherwise whether the agency followed the necessary rulemaking procedures. An answer to a complaint sheds no light on those singularly pertinent issues.

From this perspective, an APA complaint is better understood, not as a "complaint" in a civil action, but as a "petition for review of agency action." *Forest Guardians v. U.S. Fish and Wildlife Serv.*, 611 F.3d 692, 702 n.12 (10th Cir. 2010); *WildEarth Guardians v. U.S. Forest Serv.*, 668 F. Supp. 2d 1314, 1323 (D.N.M. 2009). No less in a district court than in a court of appeals, petitions for review do not call for the filing of answers. *See, e.g.*, *Dine Citizens Against Ruining Our Env't v. Jewell*, 2015 WL 4997207, at *14 (D.N.M. 2015), *aff'd*, 839 F.3d 1276 (10th Cir. 2016) (no answers filed by either the agency or defendant-intervenors, including one of the Business Associations, in APA lawsuit concerning NEPA); *San Diego Cattlemen's Coop. Ass'n v. Vilsack*, 2015 WL 12866452 (D.N.M. 2015) (denying motion to require the filing of an answer).

Declining to require answers is particularly appropriate in this case. Parties commonly forego answers in APA cases for the reasons just given. *E.g.*, *WildEarth Guardians v. U.S. Army Corps of Engineers*, 947 F.3d 635, 640 (10th Cir. 2020) (appellate review of APA case in which neither the government defendants nor the intervenor-defendants filed answers, without objection). Plaintiffs have refused consent to that practice in this case, despite that the complaint—at 181 pages and 656 paragraphs—is vexatious in its length. To a substantial degree, the complaint comprises statements that characterize case law, statutes, regulations, and other legal documents—more akin to a legal brief than a complaint in a civil case. The few assertions properly characterized as allegations of historical fact cannot and do not bear on the merits of plaintiffs' causes of action under the APA; at most, they bear on the question of standing, which this Court already has resolved in plaintiffs' favor on the basis of evidence presented in support of the preliminary injunction.

In these circumstances, requiring defendants and the Business Associations to respond line-by-line to such a burdensome complaint would waste party and judicial resources and serve no practical purpose.

### B. General denial

If the Court nevertheless deems an answer necessary, the Business Associations—while reserving all rights—state as follows:

Pursuant to Federal Rule of Civil Procedure 8(b)(3), the Business Associations specifically admit the factual allegations appearing in Paragraphs 20, 411 (excluding the final sentence), 412, 432, and 437 (the first sentence only) of the complaint.

As for the remaining allegations, either the Business Associations deny such allegations, no response is required to such allegations pursuant to Rule 8(b)(6), or the Business Associations lack sufficient information to admit or deny such allegations pursuant to Rule 8(b)(5). The Business Associations therefore generally deny, pursuant to Rule 8(b)(3), any and all allegations not specifically admitted above.

Dated: October 26, 2020

Respectfully submitted,

*/s/ Michael B. Kimberly*

MICHAEL B. KIMBERLY (*pro hac vice*)
JOSHUA D. ROGACZEWSKI
   *McDermott Will & Emery LLP*
   *500 North Capitol Street NW*
   *Washington, DC 20001*
   *mkimberly@mwe.com*
   *jrogaczewski@mwe.com*
   *(202) 756-8000*

*Attorneys for the Business Associations*

**CERTIFICATE OF SERVICE**

  I certify that on October 26, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to all counsel of record.

                /s/ *Michael B. Kimberly*