**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

|  |  |
|---|---|
| WILD VIRGINIA, VIRGINIA WILDERNESS COMMITTEE, UPSTATE FOREVER, SOUTH CAROLINA WILDLIFE FEDERATION, NORTH CAROLINA WILDLIFE FEDERATION, NATIONAL TRUST FOR HISTORIC PRESERVATION, MOUNTAINTRUE, HAW RIVER ASSEMBLY, HIGHLANDERS FOR RESPONSIBLE DEVELOPMENT, DEFENDERS OF WILDLIFE, COWPASTURE RIVER PRESERVATION ASSOCIATION, CONGAREE RIVERKEEPER, THE CLINCH COALITION, CLEAN AIR CAROLINA, CAPE FEAR RIVER WATCH, ALLIANCE FOR THE SHENANDOAH VALLEY, and ALABAMA RIVERS ALLIANCE,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNCIL ON ENVIRONMENTAL QUALITY and MARY NEUMAYR IN HER OFFICIAL CAPACITY AS CHAIR OF THE COUNCIL ON ENVIRONMENTAL QUALITY,<br><br>        Defendants,<br><br>and<br><br>AMERICAN FARM BUREAU FEDERATION, AMERICAN FOREST RESOURCE COUNCIL, AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS, AMERICAN PETROLEUM INSTITUTE, AMERICAN ROAD & TRANSPORTATION BUILDERS ASSOCIATION, CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, FEDERAL FOREST RESOURCE COALITION, INTERSTATE NATURAL GAS ASSOCIATION OF AMERICA, and NATIONAL CATTLEMEN'S BEEF ASSOCIATION,<br><br>        Defendants-Intervenors. | Case No. 3:20-cv-00045-JPJ-PMS |

# FEDERAL DEFENDANTS' ANSWER[1]

"Federal Defendants," the Council on Environmental Quality and Mary Neumayr in her

official capacity as the Chair of the Council on Environmental Quality, respond to the numbered

allegations of the Complaint (ECF No. 1) filed by Plaintiffs Wild Virginia, et al., as follows:

## SECTION OF THE COMPLAINT ENTITLED "INTRODUCTION"

1.      The allegations set forth in Paragraph 1 constitute Plaintiffs' conclusions of law, to

which no response is required.

2.      The allegations set forth in Paragraph 2 constitute Plaintiffs' conclusions of law, to

which no response is required.

3.      The allegations set forth in the first sentence of Paragraph 3 regarding "the careful

process" the Administrative Procedure Act ("APA") "requires" constitute Plaintiffs' conclusions

of law, to which no response is required.  Federal Defendants deny the remaining allegations set

forth in the first sentence of Paragraph 3.

4.      The allegations set forth in the first sentence characterize statements made by the

President of the Unites States, which speak for themselves and are the best evidence of their

content.

---

[1] Plaintiffs' claims are subject to judicial review, if at all, under the judicial review provisions of the Administrative Procedure Act (APA), 5 U.S.C. § 706.  Under the APA, the Court's task is not to find facts, but to review the agency's administrative record and determine whether, as a matter of law, the agency's decision is arbitrary, capricious or otherwise contrary to law.  5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985).  Because the Court does not operate as a fact-finder during APA review, there is no role for an Answer, which is a civil litigation tool for determining areas of factual dispute.  *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA).  Nonetheless, to ensure compliance with Federal Rule of Civil Procedure 8, Defendants submit this Answer.

The allegations set forth in the second sentence of Paragraph 4 constitute Plaintiffs' conclusions of law, to which no response is required.

5.      The allegations set forth in Paragraph 5 constitute Plaintiffs' conclusions of law, to which no response is required.

6.      The allegations set forth in Paragraph 6 constitute Plaintiffs' conclusions of law, to which no response is required.

7.      The allegations set forth in Paragraph 7 constitute Plaintiffs' conclusions of law, to which no response is required.

8.      The allegations set forth in Paragraph 8 constitute Plaintiffs' conclusions of law, to which no response is required.

9.      The allegations set forth in the first sentence of Paragraph 9 constitute Plaintiffs' conclusions of law, to which no response is required.  Federal Defendants admit the allegations in the second sentence of Paragraph 9, that NEPA has been in place for over 50 years and the regulations have remained unchanged for decades with the exception of one substantive revision in 1986.  51 Fed. Reg. 15618 (Apr. 25, 1986).  Federal Defendants further aver that the CEQ has comprehensively revised the regulations.  The remaining allegations set forth in the second sentence of Paragraph 9 constitute Plaintiffs' conclusions of law, to which no response is required.

10.      The allegations set forth in Paragraph 10 constitute Plaintiffs' conclusions of law, to which no response is required.

11.      The allegations set forth in Paragraph 11 constitute Plaintiffs' conclusions of law, to which no response is required.

12.      The allegations set forth in Paragraph 12 constitute Plaintiffs' characterizations of their case and conclusions of law, to which no response is required.

13.     The allegations set forth in Paragraph 13 constitute Plaintiffs' conclusions of law, to which no response is required.

14.     Federal Defendants admit the allegations set forth in the first sentence of Paragraph 14.  Federal Defendants deny the allegations set forth in the second and third sentences of Paragraph 14.

15.     Federal Defendants admit the allegations set forth in Paragraph 15 that the Council on Environmental Quality ("CEQ") received over 1.1 million comments, and that CEQ finalized the rulemaking approximately four months after the close of the public comment period.  Federal Defendants deny the remaining allegations set forth in Paragraph 15.

16.     Federal Defendants deny the allegations set forth in the first sentence of Paragraph 16.  The allegations set forth in the second sentence of Paragraph 16 constitute Plaintiffs' (or commenters') conclusions of law, to which no response is required.

17.     Denied.

18.     Denied.

SECTION OF THE COMPLAINT ENTITLED "JURISDICTION AND VENUE"

19.     The allegations set forth in Paragraph 19 constitute Plaintiffs' conclusions of law, to which no response is required.

20.     Federal Defendants admit the allegations set forth in Paragraph 19 that CEQ is an agency of the United States, and that Mary Neumayr is an officer or employee of the United States acting in her official capacity.  The allegations set forth in Paragraph 20 that venue is proper in this District under 28 U.S.C. § 1391(e)(1)(C), and that no real property is involved in this action, constitute Plaintiffs' conclusions of law, to which no response is required.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 20 and therefore deny them.

SECTION OF THE COMPLAINT ENTITLED "PARTIES"

Subsection of the Complaint entitled "Wild Virginia"

21.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21 and therefore deny them.

22.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22 and therefore deny them.

23.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 and therefore deny them.

24.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 and therefore deny them.

25.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25 and therefore deny them.

26.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26 and therefore deny them.

27.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 27 and therefore deny them.

28.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 and therefore deny them.

29.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 29 and therefore deny them.

30.     The allegations set forth in Paragraph 30 characterize documents associated with projects between 2009 and 2019, which speak for themselves and are the best evidence of their content.

31.     The allegations set forth in Paragraph 31 characterize documents associated with projects between 2009 and 2019, which speak for themselves and are the best evidence of their content.

32.     The allegations set forth in Paragraph 31 characterize documents associated with projects between 2009 and 2019, which speak for themselves and are the best evidence of their content.

33.     Federal Defendants deny the allegations set forth in Paragraph 33.

34.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 34 and therefore deny them.

35.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 35 and therefore deny them.

36.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 36 and therefore deny them.

37.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 37 and therefore deny them.

38.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 38 and therefore deny them.

39.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 39 and therefore deny them.

40.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 40 and therefore deny them.

41.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 41 and therefore deny them.

42.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 42 and therefore deny them.

43.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 43 and therefore deny them.

44.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 44 and therefore deny them.

45.     Federal Defendants admit the allegation set forth in Paragraph 45 that Wild Virginia submitted comments on the Notice of Proposed Rulemaking for the CEQ NEPA rule. The remaining allegations set forth in Paragraph 45 characterize comments, which speak for themselves and are the best evidence of their content.

46.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 46 and therefore deny them.

47.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 47 and therefore deny them.

48.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 48 and therefore deny them.

49.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 49 and therefore deny them.

50.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 50 that Wild Virginia submitted comments to the Forest Service.  The allegations set forth in the second and third sentences of Paragraph 50 characterize the Forest Service's proposal, which speaks for itself and is the best evidence of its content.  Federal Defendants lack knowledge or information sufficient to

form a belief about the truth of the remaining allegations set forth in Paragraph 50 and therefore deny them.

51.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 51 and therefore deny them. Federal Defendants deny the allegations set forth in the second sentence of Paragraph 51.

52.     Denied.

Subsection of the Complaint entitled "Virginia Wilderness Committee"

53.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 53 and therefore deny them.

54.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 54 and therefore deny them.

55.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 55 and therefore deny them.

56.     The allegations set forth in Paragraph 56 constitute Plaintiffs' conclusions of law, to which no response is required.

57.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 57 and therefore deny them.

58.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 58 and therefore deny them.

59.     The allegations set forth in Paragraph 59 constitute Plaintiffs' conclusions of law, to which no response is required.

60.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 60 and therefore deny them.

61.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 61 and therefore deny them.

62.     The allegations set forth in Paragraph 62 characterize documents associated with projects between 2009 and 2019, which speak for themselves and are the best evidence of their content.

63.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 63 and therefore deny them.

64.     The allegations set forth in Paragraph 64 characterize documents associated with projects between 2009 and 2019, which speak for themselves and are the best evidence of their content.

65.     Denied.

66.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 66 and therefore deny them.

67.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 67 and therefore deny them.

68.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 68 and therefore deny them.

69.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 69 and therefore deny them.

70.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 70 and therefore deny them.

71.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 71 and therefore deny them.

72.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 72 and therefore deny them.

73.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 73 and therefore deny them.

74.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 74 and therefore deny them.

75.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 75 and therefore deny them.

76.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 76 and therefore deny them.

77.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 77 and therefore deny them.

78.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 78 and therefore deny them.

79.     The allegations set forth in the first and third sentences of Paragraph 79 characterize a judicial decision, which speaks for itself and is the best evidence of its content.  The allegations in the second sentence of Paragraph 79 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

80.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 80 and therefore deny them.

81.     Denied.

82.     Denied.

83.     The allegations set forth in Paragraph 83 characterize a member's note, which speaks for itself and is the best evidence of its content.

84.     Denied.

85.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in first and second sentences of Paragraph 85 and therefore deny them.  The remaining allegations set forth in Paragraph 85 constitute Plaintiffs' conclusions of law, to which no response is required.

86.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 86 to the extent they regard what Virginia Wilderness Committee is particularly concerned about and therefore deny them.  The remaining allegations set forth in Paragraph 86 characterize a memorandum, which speaks for itself and is the best evidence of its content.

87.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 87 that Virginia Wilderness Committee submitted comments to the Forest Service.  The allegations set forth in the second and third sentences of Paragraph 87 characterize the Forest Service's proposal, which speaks for itself and are the best evidence of their content.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 87 and therefore deny them.

88.     Denied.

89.     Denied.

Subsection of the Complaint entitled "Upstate Forever"

90.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 90 and therefore deny them.

91.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 91 and therefore deny them.

92.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 92 and therefore deny them.

93.     Federal Defendants admit the allegation set forth in Paragraph 93 that the Chattooga River forms part of the border between South Carolina and Georgia. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 93 and therefore deny them.

94.     Federal Defendants admit the allegations set forth in the first sentence of Paragraph 94. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 94 and therefore deny them.

95.     Federal Defendants admit the allegations set forth in the first sentence of Paragraph 95. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 95 and therefore deny them.

96.     Federal Defendants admit the allegations set forth in the first sentence of Paragraph 96. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 96 and therefore deny them.

97.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 97 and therefore deny them.

98.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 98 and therefore deny them.

99.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 99 and therefore deny them. The allegations set forth in the second through fifth sentences of Paragraph 99, characterize Federal Energy Regulatory Commission ("FERC") process events and associated documents,

which speak for themselves and are the best evidence of their content. Federal Defendants deny the remaining allegations set forth in Paragraph 99.

100.   Federal Defendants admit the allegation set forth in the first sentence of Paragraph 100 that Upstate Forever submitted comments to the Forest Service.  The remaining allegations in the first sentence, and the allegations set forth in the second through fourth sentences of Paragraph 100, characterize Forest Service process events and associated documents, which speak for themselves and are the best evidence of their content. Federal Defendants deny the remaining allegations set forth in Paragraph 100.

101.   Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first, second, third, fifth, sixth, and eighth sentences of Paragraph 101 and therefore deny them.  The allegations set forth in the fourth sentence of Paragraph 101 characterizes a Forest Service document that speaks for itself and is the best evidence of its content. Federal Defendants deny the remaining allegations set forth in Paragraph 101.

102.   Federal Defendants admit the allegation set forth in Paragraph 102 that Upstate Forever submitted comments on the Advanced Notice of Proposed Rulemaking and the Notice of Proposed Rulemaking for the CEQ NEPA rule. The remaining allegations set forth in Paragraph 102 characterize comments, which speak for themselves and are the best evidence of their content.

103.   Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 103 and therefore deny them.

104.   Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 104 and therefore deny them.

105.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in first and second sentences in Paragraph 105 and therefore deny them. Federal Defendants deny the remaining allegations set forth in Paragraph 105.

106.     Denied.

107.     Denied.

Subsection of the Complaint entitled "South Carolina Wildlife Federation"

108.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 108 and therefore deny them.

109.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 109 and therefore deny them.

110.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 110 and therefore deny them.

111.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 111 and therefore deny them.

112.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 112 and therefore deny them.

113.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 113 and therefore deny them.

114.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 114 and therefore deny them.

115.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 115 and therefore deny them.

116.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 116 and therefore deny them.

117.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 117 and therefore deny them.

118.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 118 and therefore deny them.

119.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 119 and therefore deny them.

120.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 120 and therefore deny them.

121.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 121 and therefore deny them.

122.    With respect to all but the last sentence in Paragraph 122, Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 122 and therefore deny them. Federal Defendants deny the allegations set forth in the last sentence of Paragraph 122.

123.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 123 and therefore deny them. The remaining allegations set forth in Paragraph 123 characterize documents associated with the Charleston Peninsula Seawall project, which speak for themselves and are the best evidence of their content.

124.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 124 and therefore deny them.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 128 and therefore deny them.

129.    With respect to all but the last sentence in Paragraph 129, Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 129 and therefore deny them. Federal Defendants deny the allegations set forth in the last sentence of Paragraph 129.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in first and second sentences of Paragraph 133 and therefore deny them. The remaining allegations set forth in Paragraph 133 constitute Plaintiffs' conclusions of law, to which no response is required.

134.    Denied.

135.    Denied.

Subsection of the Complaint entitled "North Carolina Wildlife Federation"

136.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 136 and therefore deny them.

137.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 137 and therefore deny them.

138.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 138 and therefore deny them.

139.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 139 and therefore deny them.

140.    The allegations set forth in Paragraph 140 characterize a judicial decision and associated events, which speak for themselves and are the best evidence of their content.

141.    The allegations set forth in Paragraph 141 characterize a judicial decision and associated events, which speak for themselves and are the best evidence of their content.

142.    The allegations set forth in Paragraph 142 characterize Army Corps of Engineers process events and documents associated with a shoreline management project at Figure Eight Island, North Carolina, which speak for themselves and are the best evidence of their content.

143.    The allegations set forth in Paragraph 143 characterize comments regarding the Mid-Currituck Bridge, which speak for themselves and are the best evidence of their content.

144.    The allegations set forth in Paragraph 144 characterize allegations made in a pending lawsuit, which speak for themselves and are the best evidence of their content.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 144 and therefore deny them.

145.    Denied.

146.    The allegations set forth in the first, second, and third sentences of Paragraph 146 characterize comments regarding the Cape Fear Crossing project, which speak for themselves and are the best evidence of their content. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the fourth, fifth, and sixth sentences of Paragraph 146 and therefore deny them.

147.    The allegations set forth in the first sentence of Paragraph 147 characterize comments regarding the Nantahala and Pisgah National Forests, which speak for themselves and are the best evidence of their content. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of

Paragraph 147 and therefore deny them. Federal Defendants deny the allegations set forth in the third sentence of Paragraph 147.

148.    Federal Defendants admit the allegation set forth in Paragraph 148 that North Carolina Wildlife Federation submitted comments on the Advanced Notice of Proposed Rulemaking and the Notice of Proposed Rulemaking for the CEQ NEPA rule. The remaining allegations set forth in Paragraph 148 characterize comments, which speak for themselves and are the best evidence of their content.

149.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 149 and therefore deny them.

150.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first and second sentences of Paragraph 150 and therefore deny them. Federal Defendants deny the allegations set forth in the third sentence of Paragraph 150.

151.    Denied.

152.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 152 and therefore deny them. Federal Defendants deny the allegations set forth in the second and third sentences of Paragraph 152.

153.    Denied.

154.    Denied.

Subsection of the Complaint entitled "National Trust for Historic Preservation"

155.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 155 and therefore deny them.

156.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 156 and therefore deny them.

157.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 157 and therefore deny them.

158.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 158 and therefore deny them.

159.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 159 and therefore deny them.

160.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 160 and therefore deny them.

161.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 161 and therefore deny them. The remaining allegations set forth in Paragraph 161 characterize comments on the Mountain Valley Pipeline project, which speak for themselves and are the best evidence of their content.

162.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 162 and therefore deny them.

163.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 163 and therefore deny them.

164.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 164 and therefore deny them.

165.    The allegations set forth in the first through fourth sentences of Paragraph 165 characterize a judicial decision and associated events, which speak for themselves and are the best evidence of their content. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the fifth sentence of Paragraph 165 and

therefore deny them. The allegations set forth in the sixth sentence of Paragraph 165 constitute Plaintiffs' conclusions of law, to which no response is required. Federal Defendants deny the allegations set forth in the seventh, ninth, and tenth sentence of Paragraph 165. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in eighth and eleventh sentences of Paragraph 165 and therefore deny them.

166.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 166 and therefore deny them.

167.    Federal Defendants admit the allegation set forth in Paragraph 167 that the National Trust submitted comments on the Advanced Notice of Proposed Rulemaking and the Notice of Proposed Rulemaking for the CEQ NEPA rule; testified; and attended the referenced meetings. The remaining allegations set forth in Paragraph 167 characterize the comments, testimony, and/or meetings, which speak for themselves and are the best evidence of their content.

168.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 168 and therefore deny them.

169.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in all but one of the sentences in Paragraph 169 and therefore deny them. The allegation set forth in Paragraph 169 that under the prior regulations, the Corps of Engineers was required to consider a range of alternatives and disclose their various impacts to the public, including impacts to historic resources, constitutes Plaintiffs' conclusions of law, to which no response is required.

170.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 170 and therefore deny them.

171.    The allegations set forth in the first sentence of Paragraph 171 constitute Plaintiffs' conclusions of law, to which no response is required.  The allegations set forth in the second

sentence of Paragraph 171 characterize a judicial decision, which speaks for itself and is the best evidence of its content. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 171 and therefore deny them.

    172.    Denied.

    173.    Denied.

    174.    Denied.

    175.    Denied.

    176.    Denied.

    Subsection of the Complaint entitled "MountainTrue"

    177.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 177 and therefore deny them.

    178.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 178 and therefore deny them.

    179.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 179 and therefore deny them.

    180.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 180 and therefore deny them.

    181.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 181 and therefore deny them.

    182.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 182 and therefore deny them.

    183.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first through third sentences of Paragraph 183 and

therefore deny them. Federal Defendants deny the allegations set forth in the fourth sentence of Paragraph 183.

184.    The allegations set forth in Paragraph 184 characterize documents associated with projects between 2009 and 2019, which speak for themselves and are the best evidence of their content.

185.    The allegations set forth in Paragraph 185 characterize documents associated with projects between 2009 and 2019, which speak for themselves and are the best evidence of their content.

186.    The allegations set forth in Paragraph 186 characterize documents associated with projects between 2009 and 2019, which speak for themselves and are the best evidence of their content.

187.    Denied.

188.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 188 and therefore deny them.

189.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 189 and therefore deny them.

190.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 190 and therefore deny them.

191.    The allegations set forth in the first sentence of Paragraph 191 constitute Plaintiffs' conclusions of law, to which no response is required. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 191 and therefore deny them. Federal Defendants deny the allegations set forth in the third sentence of Paragraph 191.

192.     Federal Defendants admit the allegations set forth in the second sentence of Paragraph 192 that Highway 107 connects Sylva, North Carolina and Cullowee, North Carolina. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 192 and therefore deny them.

193.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 193 and therefore deny them.

194.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 194 and therefore deny them.

195.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 195 to the extent they regard what MountainTrue relies on or is particularly concerned about and therefore deny them. The remaining allegations set forth in Paragraph 195 characterize a memorandum, which speaks for itself and is the best evidence of its content.

196.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 196.  The allegations set forth in the second and third sentences of Paragraph 196 characterize a Forest Service documents, which speak for themselves and are the best evidence of their content. Federal Defendants deny the remaining allegations set forth in Paragraph 196.

197.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 197 and therefore deny them. Federal Defendants deny the remaining allegations set forth in Paragraph 197, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what MountainTrue is concerned about and therefore deny them.

198.     Federal Defendants deny the remaining allegations set forth in Paragraph 198, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what MountainTrue is concerned about and therefore deny them.

199.     Federal Defendants deny the allegations set forth in Paragraph 199, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what MountainTrue is concerned about or MountainTrue's Freedom of Information Act requests and therefore deny them.

200.     Denied.

201.     Denied.

Subsection of the Complaint entitled "Haw River Assembly"

202.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 202 and therefore deny them.

203.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 203 and therefore deny them.

204.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 204 and therefore deny them.

205.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 205 and therefore deny them.

206.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 206 and therefore deny them.

207.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 207 and therefore deny them.

208.    In response to the allegations set forth in Paragraph 208, Federal Defendants admit that, the Haw River provides habitat for several species listed as endangered or threatened under the Endangered Species Act, the endangered Cape Fear shiner is endemic to the upper Cape Fear River Basin, which includes the Haw River, and Jordan Lake is a nesting site for Bald Eagles. The reminder of the allegations in paragraph constitute Plaintiffs' subjective characterizations – for example, "important" or "favorite place"—which are vague and over which Federal Defendants lack knowledge or information and are denied on that basis.

209.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 209 and therefore deny them.

210.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 210 and therefore deny them.

211.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 211 and therefore deny them.

212.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first, fifth and sixth sentences of Paragraph 212 and therefore deny them. The allegations set forth in the second through fourth sentences of Paragraph 212 characterize documents associated with the MVP Southgate pipeline project, which speak for themselves and are the best evidence of their content.

213.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 213 and therefore deny them.

214.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 214 and therefore deny them. Federal Defendants deny the allegations set forth in the second sentence of Paragraph 214, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations concerning what Haw River Assembly is concerned about and therefore deny them.

215.    Federal Defendants deny the allegations set forth in Paragraph 215, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Haw River Assembly is concerned about and therefore deny them.

216.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first, second, third, and sixth sentences of Paragraph 216, and therefore deny them. The allegations set forth in the fourth and fifth sentences of Paragraph 216 characterize documents associated with an application for a Clean Water Act Section 404 permit from the Corps of Engineers, which speak for themselves and are the best evidence of their content. The allegation set forth in the sixth sentence of Paragraph 216 that "[t]his federal application is subject to NEPA" constitutes Plaintiffs' conclusion of law, to which no response is required.

217.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first and second sentences of Paragraph 217 and therefore deny them. Federal Defendants deny the allegations set forth in the third sentence of Paragraph 217, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Haw River Assembly is concerned about and therefore deny them.

218.    Federal Defendants deny the allegations set forth in Paragraph 218, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Haw River Assembly is concerned about and therefore deny them.

219.    Federal Defendants deny the allegations set forth in Paragraph 219, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Haw River Assembly is concerned about and therefore deny them.

220.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 220 and therefore deny them.

221.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 221 and therefor deny them.

222.    Federal Defendants deny the allegations set forth in Paragraph 222, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Haw River Assembly is concerned about and therefore deny them.

223.    Federal Defendants deny the allegations set forth in the first through third sentences of Paragraph 223. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the fourth sentence of Paragraph 223 and therefore deny them.

224.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 224 and therefore deny them.

225.    Federal Defendants deny the allegations set forth in Paragraph 222, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning: the direct impact of climate change on the Haw River Watershed; what Haw River Assembly has researched; what Haw River Assembly expects to see; what Haw River Assembly considers; what Haw River Assembly depends on; and what Haw River Assembly is concerned about and therefore deny them.

226.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first through fourth sentences of Paragraph 226 and

therefore deny them. The allegations set forth in the fifth sentence of Paragraph 226 constitute Plaintiffs' conclusions of law, to which no response is required. Federal Defendants deny the allegations set forth in the sixth and seventh sentences of Paragraph 226, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Haw River Assembly is concerned about and therefore deny them. In response to the allegations in the eighth sentence of Paragraph 226, Federal Defendants admit public participation can inform the Federal agency decision-making process and improve environmental outcomes.

227.     Federal Defendants deny the allegations set forth in Paragraph 227, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Haw River Assembly is concerned about and therefore deny them.

228.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 228 and therefore deny them. Federal Defendants deny the allegations set forth in the second sentence of Paragraph 228.

229.     Denied.

Subsection of the Complaint entitled "Highlanders for Responsible Development"

230.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 230 and therefore deny them.

231.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 231 and therefore deny them.

232.     Federal Defendants admit that the headwaters of the James and Potomac Rivers are located in Highland County and that the county is home to many species, flora and fauna, and attracts tourism.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 232 and therefore deny them.

233.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 233 and therefore deny them.

234.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 234 and therefore deny them.

235.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 235 and therefore deny them.

236.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first, second, and third sentences of Paragraph 236 and therefore deny them.  Federal Defendants deny the allegations set forth in the fourth through seventh sentences of Paragraph 236, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Highlanders for Responsible Development is concerned about and therefore deny them.

237.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 237 and therefore deny them.

238.     Federal Defendants deny the allegations set forth in Paragraph 238, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Highlanders for Responsible Development is concerned about and therefore deny them.

239.     Federal Defendants deny the allegations set forth in the first sentence of Paragraph 239.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 239 and therefore deny them.

240.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 240 and therefore deny them.

241.    Federal Defendants deny the allegations set forth in Paragraph 241, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Highlanders for Responsible Development is concerned about and therefore deny them.

242.    Denied.

243.    Denied.

244.    The allegations set forth in the first sentence of Paragraph 244 characterize a board member's note, which speaks for itself and is the best evidence of its content.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 244 and therefore deny them.

245.    Denied.

246.    Federal Defendants deny the allegations set forth in Paragraph 246, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Highlanders for Responsible Development anticipates or uses and therefore deny them.

247.    Federal Defendants deny the allegations set forth in the first sentence of Paragraph 247, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Highlanders for Responsible Development is concerned about and therefore deny them.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 247 and therefore deny them.  The allegations set forth in the third sentence of Paragraph 247 constitute Plaintiffs' conclusions of law, to which no response is required.

248.    Denied.

249.    Denied.

Subsection of the Complaint entitled "Defenders of Wildlife"

250.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 250 and therefore deny them.

251.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 251 and therefore deny them.

252.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 252 and therefore deny them.

253.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 253 and therefore deny them.

254.    Federal Defendants admit the allegations set forth in the first and second sentences of Paragraph 254 that the Nantahala and Pisgah National Forests of Western North Carolina includes habitats for many species, including neotropical migratory songbirds.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the third, fourth, and fifth sentences of Paragraph 254 and therefore deny them.  The allegations set forth in the sixth sentence of Paragraph 254 constitute Plaintiffs' conclusions of law, to which no response is required.

255.    Federal Defendants deny the allegations set forth in Paragraph 255, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Defenders of Wildlife is concerned about and therefore deny them.

256.    Federal Defendants admit the allegations set forth in the first through third sentences of Paragraph 256, that the Okefenokee Swamp is home to many wildlife species and that the swamp is part of the headwaters of the St. Mary's River, where fish species such as the shortnose sturgeon are found.  The allegations set forth in the fourth sentence of Paragraph 256 characterize a Clean Water Act Section 404 permit application, which speaks for itself and is the

best evidence of its content.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the fifth, sixth, and seventh sentences of Paragraph 256 and therefore deny them.

257.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 257 and therefore deny them.

258.     Federal Defendants deny the allegations set forth in Paragraph 258, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Defenders of Wildlife is concerned about and therefore deny them.

259.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 259 and therefore deny them.

260.    The allegations set forth in Paragraph 260 characterize a judicial decision, which speaks for itself and is the best evidence of its content.

261.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the most of the allegations set forth in the first, second, and fourth sentences Paragraph 261 and therefore deny them.  The remaining allegations set forth in Paragraph 261 characterize a judicial decision, which speaks for itself and is the best evidence of its content.

262.    Federal Defendants deny the allegations set forth in Paragraph 262, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Defenders of Wildlife is concerned about and therefore deny them.

263.    Federal Defendants admit the allegation set forth in Paragraph 263 that Defenders of Wildlife submitted comments on the Advanced Notice of Proposed Rulemaking and the Notice of Proposed Rulemaking for the CEQ NEPA rule and attended the referenced meeting.  The remaining allegations set forth in Paragraph 263 characterize the comments and meeting, which speak for themselves and are the best evidence of their content.

264.    Federal Defendants deny the allegations set forth in Paragraph 264, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Defenders of Wildlife believes and therefore deny them.

265.    Federal Defendants deny the allegations set forth in Paragraph 265, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Defenders of Wildlife believes and therefore deny them.

266.    Denied.

267.    Denied.

268.    Denied.

269.    The allegations set forth in Paragraph 269 constitute Plaintiffs' conclusions of law, to which no response is required.

270.    The allegations set forth in the first through third sentences of Paragraph 270 constitute Plaintiffs' conclusions of law, to which no response is required.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the fourth sentence of Paragraph 270 and therefore deny them.  Federal Defendants denies the allegations set forth in the fifth sentence of Paragraph 270.

271.    Denied.

272.    Denied.

Subsection of the Complaint entitled "Congaree Riverkeeper"

273.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 273 and therefore deny them.

274.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 274 and therefore deny them.

275.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 275 and therefore deny them.

276.     In response to the allegations set forth in the first and second sentences of Paragraph 276, Federal Defendants admit that the Broad, Salud and Congaree Rivers provide drinking water and are a recreational and aesthetic resource in South Carolina.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the remainder of Paragraph 276 and therefore deny them.

277.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 277 and therefore deny them.

278.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 278 and therefore deny them.

279.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 279 and therefore deny them.

280.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 280 and therefore deny them.

281.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 281 and therefore deny them.

282.     Federal Defendants deny the allegations set forth in Paragraph 282, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Congaree Riverkeeper is concerned about and therefore deny them.

283.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 283 and therefore deny them.

284.     Federal Defendants deny the allegations set forth in Paragraph 284, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the

allegations concerning what Congaree Riverkeeper intends to do believes and is concerned about and therefore deny them.

285.    Federal Defendants admit the allegation set forth in Paragraph 285 that Congaree Riverkeeper submitted comments on the Notice of Proposed Rulemaking for the CEQ NEPA rule. The remaining allegations set forth in Paragraph 285 characterize the comments, which speak for themselves and are the best evidence of their content.

286.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 286 and therefore deny them.

287.    Denied.

288.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 288 and therefore deny them. Federal Defendants deny the remaining allegations set forth in Paragraph 288.

289.    Denied.

290.    Denied.

291.    Denied.

292.    Denied.

Subsection of the Complaint entitled "The Clinch Coalition"

293.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 293 and therefore deny them.

294.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 294 and therefore deny them.

295.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 295 and therefore deny them.

296.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 296 and therefore deny them.

297.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 297 and therefore deny them.

298.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 298 and therefore deny them.

299.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 299 and therefore deny them.

300.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first through fifth sentences of Paragraph 300 and therefore deny them.  Federal Defendants deny the allegations set forth in the sixth and seventh sentences of Paragraph 300, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what the Clinch Coalition is concerned about and therefore deny them.

301.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first and second sentences of Paragraph 301 and therefore deny them.  Federal Defendants deny the remaining allegations set forth in Paragraph 301, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what the Clinch Coalition is concerned about and therefore deny them.

302.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first and second sentences of Paragraph 302 and therefore deny them.  Federal Defendants deny the remaining allegations set forth in Paragraph 302, except that Federal Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations concerning what the Clinch Coalition is concerned about and therefore deny them.

303.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first, second, and third sentences of Paragraph 303 and therefore deny them.  Federal Defendants deny the remaining allegations set forth in Paragraph 302, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what the Clinch Coalition is concerned about and therefore deny them.

304.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 304 and therefore deny them.

305.    Federal Defendants deny the allegations set forth in the first and second sentences of Paragraph 305.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 305 and therefore deny them.

306.    Denied.

307.    Denied.

308.    Denied.

309.    Denied.

310.    Federal Defendants deny the allegations set forth in Paragraph 310 to the extent they regard what the Clinch Coalition is particularly concerned about and therefore deny them. The remaining allegations set forth in Paragraph 310 characterize a memorandum, which speaks for itself and is the best evidence of its content.

311.    Denied.

312.    Denied.

Subsection of the Complaint entitled "Clean Air Carolina"

313.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 313 and therefore deny them.

314.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 314 and therefore deny them.

315.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 315 and therefore deny them.

316.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 316 and therefore deny them.

317.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 317 and therefore deny them.

318.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 318 and therefore deny them.

319.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the most of the allegations set forth in Paragraph 319 and therefore deny them, except that the allegations set forth in the second and third sentences of Paragraph 319 characterize documents, which speak for themselves and are the best evidence of their content, and Federal Defendants deny the allegations set forth in the last two sentences of Paragraph 319.

320.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 320 and therefore deny them, except that the allegations set forth in the first and second sentences of Paragraph 320 characterize comments, which speak for themselves and are the best evidence of their content,

321.     The allegations set forth in Paragraph 321 characterize comments and lawsuit and settlement documents, which speak for themselves and are the best evidence of their content.

322.     The allegations set forth in the first sentence of Paragraph 322 characterize settlement documents, which speak for themselves and are the best evidence of their content. Federal Defendants deny the allegations set forth in the second sentence of Paragraph 322.

323.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 323 and therefore deny them.

324.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first, second, and third sentences of Paragraph 324 and therefore deny them.  Federal Defendants deny the remaining allegations set forth in Paragraph 324, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what the Clean Air Carolina is concerned about and therefore deny them.

325.     Federal Defendants deny the allegations set forth in Paragraph 325, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what the Clean Air Carolina is concerned about and therefore deny them.

326.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 326 and therefore deny them.

327.     Federal Defendants deny the allegations set forth in Paragraph 327, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what the Clean Air Carolina is concerned about and therefore deny them.

328.     Federal Defendants admit the allegation set forth in Paragraph 328 that Clean Air Carolina submitted comments on the Notice of Proposed Rulemaking for the CEQ NEPA rule. The remaining allegations set forth in Paragraph 328 characterize comments, which speak for themselves and are the best evidence of their content.

329.     Federal Defendants deny the allegations set forth in Paragraph 329, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what the Clean Air Carolina is concerned about and therefore deny them.

330.     Federal Defendants deny the allegations set forth in the first and third sentences of Paragraph 330.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 330 and therefore deny them.

331.     Denied.

332.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 332 and therefore deny them. Federal Defendants deny the remaining allegations set forth in Paragraph 332.

333.     Denied.

Subsection of the Complaint entitled "Cowpasture River Preservation Association"

334.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 334 and therefore deny them.

335.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 335 and therefore deny them.

336.     The allegations set forth in the first sentence of Paragraph 336 contain Plaintiffs' subjective and undefined characterizations –"unique, precious, irreplaceable" and "vital"—to which no response is required.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 336 and therefore deny them.

337.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 337 and therefore deny them.

338.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 338 and therefore deny them.

339.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 339 and therefore deny them.

340.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 340 and therefore deny them.

341.    The allegations set forth in the first sentence of Paragraph 341 characterize the pleadings in a lawsuit, which speak for themselves and are the best evidence of their content. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 341 and therefore deny them.

342.    The allegations set forth in the first through third sentences of Paragraph 342 characterize the pleadings, arguments, or a judicial decision from a lawsuit, which speak for themselves and are the best evidence of their content.  The allegations set forth in the fourth sentence of Paragraph 342 characterize a Federal Register publication, which speaks for itself and is the best evidence of its content.

343.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 343 and therefore deny them.

344.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 344 and therefore deny them.

345.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first, second, and fourth sentences of Paragraph 345 and therefore deny them.  The allegations set forth in the third sentence of Paragraph 345 constitute Plaintiffs' conclusions of law, to which no response is required.

346.    Federal Defendants deny the allegations set forth in Paragraph 346, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Cowpasture River Preservation Association is concerned about and therefore deny them.

347.    Federal Defendants deny the allegation set forth in Paragraph 347 that Cowpasture River Preservation Association submitted comments on the Notice of Proposed Rulemaking for the CEQ NEPA rule.

348.    Denied.

349.    Denied.

Subsection of the Complaint entitled "Cape Fear River Watch"

350.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 350 and therefore deny them.

351.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 351 and therefore deny them.

352.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 352 and therefore deny them.

353.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 353 and therefore deny them. The allegations set forth in the second sentence of Paragraph 353 characterize lawsuits, a consent order, and associated events, which speak for themselves and are the best evidence of their content.

354.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 354 and therefore deny them.

355.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 355 and therefore deny them.

356.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 356 and therefore deny them.

357.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 357 and therefore deny them.

358.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 358 and therefore deny them.

359.     Denied.

360.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 360 and therefore deny them.

361.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 361 and therefore deny them. Federal Defendants deny the remaining allegations set forth in Paragraph 361, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Cape Fear River Watch is concerned about and therefore deny them.

362.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in all but the last three sentences of Paragraph 362 and therefore deny them. Federal Defendants deny the remaining allegations set forth in Paragraph 362, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Cape Fear River Watch is concerned about and therefore deny them.

363.     Federal Defendants deny the allegations set forth in the first through third sentences of Paragraph 363, except that Federal Defendants lack knowledge or information sufficient to

form a belief about the truth of the allegations concerning what Cape Fear River Watch is concerned about and therefore deny them.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 363 and therefore deny them.

364.    Federal Defendants deny the allegations set forth in all but the last two sentences of Paragraph 364, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Cape Fear River Watch is concerned about and therefore deny them.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 364 and therefore deny them.

365.    Federal Defendants admit the allegation set forth in Paragraph 365 that Cape Fear River Watch submitted comments on the Advanced Notice of Proposed Rulemaking and the Notice of Proposed Rulemaking for the CEQ NEPA rule. The remaining allegations set forth in Paragraph 365 characterize comments, which speak for themselves and are the best evidence of their content.

366.    Federal Defendants deny the allegations set forth in Paragraph 366, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Cape Fear River Watch is concerned about and therefore deny them.

367.    Federal Defendants deny the allegations set forth in all but the second sentence of Paragraph 367, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Cape Fear River Watch is concerned about and therefore deny them.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 367 and therefore deny them.

368.   Denied.

369.   Federal Defendants deny the allegations set forth in all but the second sentence of Paragraph 369.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 369 and therefore deny them.

370.   Denied.

371.   Denied.

Subsection of the Complaint entitled "Alliance for the Shenandoah Valley"

372.   Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 372 and therefore deny them.

373.   Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 373 and therefore deny them.

374.   Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 374 and therefore deny them.

375.   Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 375 and therefore deny them.

376.   Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 376 and therefore deny them.

377.   The allegations set forth in the second through fourth sentences of Paragraph 377 characterize an intervention motion, a judicial decision, or the result of a judicial decision, each of which speaks for itself and is the best evidence of its content.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 377 and therefore deny them.

378.     Federal Defendants deny the allegations set forth in Paragraph 378, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Alliance for the Shenandoah Valley is concerned about and therefore deny them.

379.     Federal Defendants deny the allegations set forth in Paragraph 379, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Alliance for the Shenandoah Valley is concerned about and therefore deny them.

380.     The allegations set forth in the second and third sentences of Paragraph 380 characterize comments made by Alliance for the Shenandoah Valley, which speaks for themselves and are the best evidence of their content.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 380 and therefore deny them.

381.     Federal Defendants deny the allegations set forth in Paragraph 381, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Alliance for the Shenandoah Valley is concerned about and therefore deny them.

382.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first and second sentences of Paragraph 382 and therefore deny them.  Federal Defendants deny the remaining allegations set forth in Paragraph 382, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Alliance for the Shenandoah Valley is concerned about and therefore deny them.

383.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 383 and therefore deny them. Federal Defendants deny the remaining allegations set forth in Paragraph 383.

384.     Federal Defendants deny the allegations set forth in Paragraph 384, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Alliance for the Shenandoah Valley is concerned about and therefore deny them.

385.     Denied.

386.     Denied.

387.     Denied.

388.     Denied.

<u>Subsection of the Complaint entitled "Alabama Rivers Alliance"</u>

389.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 389 and therefore deny them.

390.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 390 and therefore deny them.

391.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 391 and therefore deny them.

392.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 392 and therefore deny them.

393.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 393 and therefore deny them.

394.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 394 and therefore deny them.

395.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 395 and therefore deny them.

396.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 396 and therefore deny them.

397.     Federal Defendants deny the allegations set forth in Paragraph 397, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Alabama River Alliance is concerned about and therefore deny them.

398.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 398 and therefore deny them, except to the extent that the allegations set forth in Paragraph 398 characterize an environmental assessment document and comments, which speak for themselves and are the best evidence of their content.

399.     The allegations set forth in Paragraph 399 characterize a license, which speaks for itself and is the best evidence of its content.

400.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 400 and therefore deny them.

401.     The allegations set forth in Paragraph 401 characterize arguments made in a lawsuit or a judicial decision, which speak for themselves and are the best evidence of their content.

402.     Federal Defendants deny the allegations set forth in Paragraph 402, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Alabama Rivers Alliance is concerned about and therefore deny them.

403.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 403 and therefore deny them.

404.     Federal Defendants admit the allegation set forth in Paragraph 404 that Alabama Rivers Alliance submitted comments on the Notice of Proposed Rulemaking for the CEQ NEPA

rule.  The remaining allegations set forth in Paragraph 404 characterize comments, which speak for themselves and are the best evidence of their content.

405.    Denied.

406.    Federal Defendants deny the allegations set forth in Paragraph 406, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Alabama Rivers Alliance is concerned about and therefore deny them.

407.    Denied.

408.    Denied.

409.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first and second sentences of Paragraph 409 and therefore deny them.  Federal Defendants deny the remaining allegations set forth in Paragraph 409.

410.    Denied.

Subsection of the Complaint entitled "Defendants"

411.    Federal Defendants admit the allegations set forth in the first and fourth sentences of Paragraph 411.  The allegations set forth in the second and third sentence of Paragraph 411 constitute Plaintiffs' conclusions of law, to which no response is required.

412.    Admitted.

SECTION OF THE COMPLAINT ENTITLED "BACKGROUND"

Subsection of the Complaint entitled "History of NEPA and CEQ's Implementing Regulations"

413.    Federal Defendants admit the allegations set forth in the first sentence of Paragraph 413.  The allegations set forth in the second sentence of Paragraph 413 characterize the Congressional Record, which speaks for itself and is the best evidence of its content.

414.     The allegations set forth in the first sentence of Paragraph 414 constitute Plaintiffs' conclusions of law, to which no response is required.  The allegations set forth in the second and third sentences of Paragraph 414 characterize the Congressional Record, which speaks for itself and is the best evidence of its content.

415.     The allegations set forth in Paragraph 415 constitute Plaintiffs' conclusions of law, to which no response is required.

416.     The allegations set forth in the first through third sentences of Paragraph 416 characterize a Federal Register publication, which speaks for itself and is the best evidence of its content.  The allegations set forth in the fourth sentences of Paragraph 414 characterize an executive order, which speaks for itself and is the best evidence of its content.

417.     The allegations set forth in Paragraph 417 characterize a Federal Register publication, which speaks for itself and is the best evidence of its content.

418.     The allegations set forth in Paragraph 418 characterize Federal Register publications, which speaks for themselves and are the best evidence of their content.

419.      The allegations set forth in Paragraph 419 characterize a Federal Register publication, which speaks for itself and is the best evidence of its content.

420.     The allegations set forth in Paragraph 420 characterize a statement in the preamble to the Final Rule, which speaks for itself and is the best evidence of its content.

421.     The allegations set forth in Paragraph 421 characterize the 1997 Effectiveness Study, which speaks for itself and is the best evidence of its content.

422.     The allegations set forth in Paragraph 422 characterize the 2003 report, which speaks for itself and is the best evidence of its content.

423.     The allegations set forth in Paragraph 423 characterize the 2003 report, which speaks for itself and is the best evidence of its content.

424.    The allegations set forth in Paragraph 424 characterize the 1997 Effectiveness Study and 2003 report, each of which speaks for itself and is the best evidence of its content.

425.    The allegations set forth in Paragraph 425 constitute Plaintiffs' conclusions of law, to which no response is required.

426.    The allegations set forth in Paragraph 426 characterize judicial decisions, which speak for themselves and are the best evidence of their content.

427.    The allegations set forth in Paragraph 427 characterize a publication by Dinah Bear, which speaks for itself and is the best evidence of its content.

428.    Federal Defendants admit the allegations set forth in the first sentence of Paragraph 428, except for the word "thus" which constitutes Plaintiffs' conclusion of law to which no response is required.  The allegations set forth in the second sentence of Paragraph 428 constitute Plaintiffs' conclusions of law, to which no response is required.

429.    Federal Defendants admit the allegation set forth in the first sentence of Paragraph 429 that other federal agencies have developed their own NEPA regulations.  The remaining allegations set forth in the first sentence of Paragraph 429 constitute Plaintiffs' conclusions of law, to which no response is required.  The allegations set forth in the second sentence of Paragraph 429 characterize judicial decisions, which speak for themselves and are the best evidence of their content.

430.    The allegations set forth in Paragraph 429 characterize judicial decisions, which speak for themselves and are the best evidence of their content.

Subsection of the Complaint entitled "Procedural History of the Rulemaking"

Subsection of the Complaint entitled "Advanced Notice of Proposed Rulemaking"

431.    Denied.

432.     Federal Defendants admit the allegations set forth in Paragraph 432 that on June 20, 2018, CEQ issued an Advanced Notice of Proposed Rulemaking.  The remaining allegations set forth in Paragraph 432 characterize the Advanced Notice of Proposed Rulemaking, which speaks for itself and is the best evidence of its content.

433.     The allegations set forth in Paragraph 433 characterize the Advanced Notice of Proposed Rulemaking, which speaks for itself and is the best evidence of its content.

434.     The allegations set forth in the first sentence of Paragraph 434 characterize the Advanced Notice of Proposed Rulemaking, which speaks for itself and is the best evidence of its content.  The allegations set forth in the second sentence of Paragraph 434 characterize a Federal Register publication, which speaks for itself and is the best evidence of its content.  Federal Defendants deny the allegations set forth in the third sentence of Paragraph 434 that there was a brief window available for public comment.  The remaining allegations set forth in the third sentence of Paragraph 434 characterize the Notice of Proposed Rulemaking, which speaks for itself and is the best evidence of its content.

435.     Federal Defendants admit the allegation set forth in Paragraph 435 that Plaintiffs submitted comments in response to the Advance Notice of Proposed Rulemaking.  The remaining allegations set forth in Paragraph 435 characterize comments, which speak for themselves and are the best evidence of their content.

436.     Federal Defendants admit the allegations set forth in the first sentence of Paragraph 436.  The allegations set forth in the second sentence of Paragraph 436 characterize a lawsuit, which speaks for itself and is the best evidence of its content.

Subsection of the Complaint entitled "Notice of Proposed Rulemaking"

437.    Federal Defendants admit the allegations set forth in the first sentence of Paragraph 437.  The allegations set forth in the second sentence of Paragraph 437 characterize the Notice of Proposed Rulemaking, which speaks for itself and is the best evidence of its content.

438.    The allegations set forth in Paragraph 438 characterize a lawsuit, which speaks for itself and is the best evidence of its content.

439.    The allegations set forth in Paragraph 439 characterize a lawsuit, which speaks for itself and is the best evidence of its content.

440.    The allegations set forth in Paragraph 440 characterize the preamble to the Notice of Proposed Rulemaking, which speaks for itself and is the best evidence of its content.

441.    The allegations set forth in Paragraph 441 characterize the Response to Comments document, which speaks for itself and is the best evidence of its content.

442.    Federal Defendants deny the allegations set forth in the first sentence of Paragraph 442.  The allegations set forth in the second and third sentences of Paragraph 442 characterize the Notice of Proposed Rulemaking, which speaks for itself and is the best evidence of its content.  In response to the allegations set forth in the fourth and fifth sentences of Paragraph 442, Federal Defendants admit CEQ received a letter from Members of Congress on January 21, 2020 requesting an extension of time, and that CEQ provided a response to that letter on March 4, 2020

443.    In response to the allegations set forth in the first, second and third sentences of Paragraph 443, Federal Defendants admit CEQ held two public hearings on the Notice of Proposed Rulemaking, one in Denver and one in Washington D.C.  Federal Defendants admit that CEQ held two public meetings during its rulemaking process to amend the regulations in 1986. Federal Defendants admit attendees at the hearings in Denver and Washington D.C. were required to register in advance, that registration filled quickly, and that speakers each had 3 minutes to

speak.  The remainder of the allegations in the first three sentences of Paragraph 443 are denied. Federal Defendants admit the allegations set forth in the fourth sentence of Paragraph 443.

444.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 444 and therefore deny them. Federal Defendants admit the allegation set forth in the second sentence of Paragraph 444 that groups requested an additional public hearing in the Southeast.

445.    The allegations set forth in the first, fourth, and fifth sentences of Paragraph 445 characterize comments, which speak for themselves and are the best evidence of their content. Federal Defendants admit the allegations in the second and third sentences of Paragraph 445.

446.    The allegations set forth in Paragraph 446 characterize comments, which speak for themselves and are the best evidence of their content.

447.    Federal Defendants admit the allegations set forth in Paragraph 447 that certain Plaintiffs and/or their members and/or their counsel submitted comments on the Notice of Proposed Rulemaking.  The remaining allegations set forth in Paragraph 447 characterize comments, which speak for themselves and are the best evidence of their content.

448.    The allegations set forth in Paragraph 448 characterize comments, which speak for themselves and are the best evidence of their content.

449.    The allegations set forth in Paragraph 449 characterize comments, which speak for themselves and are the best evidence of their content.

450.    The allegations set forth in Paragraph 450 characterize comments, which speak for themselves and are the best evidence of their content.

451.    The allegations set forth in Paragraph 451 characterize comments, which speak for themselves and are the best evidence of their content.

452.     The allegations set forth in Paragraph 452 characterize comments, which speak for themselves and are the best evidence of their content.

453.     The allegations set forth in Paragraph 453 characterize comments, which speak for themselves and are the best evidence of their content.

454.     The allegations set forth in Paragraph 454 characterize comments, which speak for themselves and are the best evidence of their content.

455.     The allegations set forth in Paragraph 455 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize comments and Executive Order 13807, which speak for themselves and are the best evidence of their content.

456.     The allegations set forth in Paragraph 456 characterize comments, which speak for themselves and are the best evidence of their content.

457.     The allegations set forth in Paragraph 457 characterize comments, which speak for themselves and are the best evidence of their content.

458.     The allegations set forth in Paragraph 458 characterize comments, which speak for themselves and are the best evidence of their content.

459.     The allegations set forth in Paragraph 459 characterize comments and evidence in the record, which speak for themselves and are the best evidence of their content.

460.     The allegations set forth in Paragraph 460 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize comments, which speak for themselves and are the best evidence of their content.

461.     Denied.

462.     The allegations set forth in Paragraph 462 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize comments, which speak for themselves and are the best evidence of their content.

463.    The allegations set forth in Paragraph 463 characterize comments and evidence in the record, which speak for themselves and are the best evidence of their content.

464.    The allegations set forth in Paragraph 464 characterize comments and evidence in the record, which speak for themselves and are the best evidence of their content.

465.    The allegations set forth in Paragraph 465 characterize comments and evidence in the record, which speak for themselves and are the best evidence of their content.

466.    Federal Defendants admit that more than 1.1 million comments were received.  The remaining allegations set forth in Paragraph 466 characterize comments, which speak for themselves and are the best evidence of their content.

467.    The allegations set forth in Paragraph 467 characterize comments, which speak for themselves and are the best evidence of their content.

468.    The allegations set forth in Paragraph 468 characterize comments, which speak for themselves and are the best evidence of their content.

469.    The allegations set forth in Paragraph 469 characterize comments, which speak for themselves and are the best evidence of their content.

470.    The allegations set forth in Paragraph 470 characterize comments, which speak for themselves and are the best evidence of their content.

471.    The allegations set forth in Paragraph 471 characterize comments, which speak for themselves and are the best evidence of their content.

472.    The allegations set forth in Paragraph 472 characterize comments, which speak for themselves and are the best evidence of their content.

473.    The allegations set forth in Paragraph 473 characterize comments, which speak for themselves and are the best evidence of their content.

474.     The allegations set forth in Paragraph 474 characterize comments, which speak for themselves and are the best evidence of their content.

475.     The allegations set forth in Paragraph 475 characterize comments, which speak for themselves and are the best evidence of their content.

476.     The allegations set forth in Paragraph 476 characterize comments, which speak for themselves and are the best evidence of their content.

477.     The allegations set forth in Paragraph 477 characterize comments, which speak for themselves and are the best evidence of their content.

478.     The allegations set forth in Paragraph 478 characterize comments, which speak for themselves and are the best evidence of their content.

479.     The allegations set forth in Paragraph 479 characterize comments, which speak for themselves and are the best evidence of their content.

480.     The allegations set forth in Paragraph 480 characterize comments, which speak for themselves and are the best evidence of their content.

481.     The allegations set forth in Paragraph 481 characterize comments, which speak for themselves and are the best evidence of their content.

482.     The allegations set forth in Paragraph 482 characterize comments, which speak for themselves and are the best evidence of their content.

483.     The allegations set forth in Paragraph 483 characterize comments, which speak for themselves and are the best evidence of their content.

484.     The allegations set forth in Paragraph 484 characterize comments, which speak for themselves and are the best evidence of their content.

Subsection of the Complaint entitled "Final Rule"

485.     Federal Defendants admit the allegations set forth in Paragraph 485 that CEQ finalized the Rule approximately four months after the close of the comment period on July 15, 2020.  Federal Defendants deny the allegation set forth in Paragraph 485 that CEQ acted in a rushed manner.  The remaining allegations set forth in Paragraph 485 characterize comments, which speak for themselves and are the best evidence of their content.

486.     The allegations set forth in Paragraph 486 characterize the President's announcement, which speaks for itself and is the best evidence of its content, except that Federal Defendants deny the allegation set forth in the third sentence of Paragraph 486 that the quoted portion of the President's announcement lacks any factual support.

487.     Denied.

488.     Denied.

489.     The allegations set forth in the first sentence of Paragraph 489 characterize the Response to Comments document, which speaks for itself and is the best evidence of its content. Federal Defendants deny the remaining allegations set forth in Paragraph 490.

490.     The allegations set forth in Paragraph 490 characterize the Response to Comments document, which speaks for itself and is the best evidence of its content.

491.     The allegations set forth in the first sentence of Paragraph 491 characterize the Response to Comments document, which speaks for itself and is the best evidence of its content. Federal Defendants deny the remaining allegations set forth in Paragraph 491.

492.     Federal Defendants deny the allegations set forth in the first and third sentence of Paragraph 492.  The allegations set forth in the second sentence of Paragraph 492 characterize the Response to Comments document, which speaks for itself and is the best evidence of its content.

493.     Federal Defendants deny the allegation set forth in the first sentence of Paragraph 493.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 493 and therefore deny them.

494.     Denied.

495.     Denied.

496.     Denied.

497.     Denied.

498.     Denied.

499.     Denied.

500.     Denied.

501.     Denied.

502.     Denied.

503.     Denied.

504.     Denied.

505.     Denied.

506.     The allegations set forth in Paragraph 506 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a regulatory provision, which speaks for itself and is the best evidence of its content.

507.     The allegations set forth in Paragraph 507 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a regulatory provision, which speaks for itself and is the best evidence of its content.

508.     The allegations set forth in Paragraph 508 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize the Final Rule, which speaks for itself and is the best evidence of its content.

509.    The allegations set forth in Paragraph 509 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize the Final Rule and the preamble to the Final Rule, which speak for themselves and are the best evidence of their content.

510.    The allegations set forth in Paragraph 510 characterize the Final Rule, which speaks for itself and is the best evidence of its content.

511.    The allegations set forth in Paragraph 511 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize the Final Rule, which speaks for itself and is the best evidence of its content.

512.    The allegations set forth in Paragraph 512 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize the Final Rule and the preamble to the Final Rule, which speak for themselves and are the best evidence of their content.

513.    The allegations set forth in Paragraph 513 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize the Final Rule and the preamble to the Final Rule, which speak for themselves and are the best evidence of their content.

514.    The allegations set forth in Paragraph 514 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize the Final Rule and the preamble to the Final Rule, which speak for themselves and are the best evidence of their content.

515.    The allegations set forth in Paragraph 515 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize the Final Rule and the Restatement of Torts, which speak for themselves and are the best evidence of their content.

516.    The allegations set forth in Paragraph 516 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize the Final Rule and the preamble to the Final Rule, which speak for themselves and are the best evidence of their content.

517.     The allegations set forth in Paragraph 517 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize the Final Rule and purported "well-documented evidence," which speaks for themselves and are the best evidence of their content.

518.     The allegations set forth in Paragraph 518 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize the Final Rule and the preamble to the Final Rule, which speak for themselves and are the best evidence of their content.

519.     Federal Defendants deny the allegations set forth in the first sentence of Paragraph 519.  Federal Defendants deny the allegations set forth in the second sentence of Paragraph 519 that CEQ has not provided any guidance on completing their reviews in a more efficient manner. Federal Defendants aver that CEQ does not have a formal role in the development of agency budgets, but the CEQ NEPA rule retains the provision (40 C.F.R. § 1507.2) that requires agencies to have the capability to comply with NEPA and the CEQ NEPA regulations.

520.     The allegations set forth in Paragraph 520 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize the Final Rule, which speaks for itself and is the best evidence of its content.

521.     Federal Defendants admit the allegations set forth in the first sentence of Paragraph 521.  The allegations set forth in the second sentence of Paragraph 521 characterize the Regulatory Impact Analysis, which speaks for itself and is the best evidence of its content.

522.     The allegations set forth in Paragraph 522 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize the Regulatory Impact Analysis and documents cited therein, which speak for themselves and are the best evidence of their content.

523.     Federal Defendants deny the allegations set forth in the first sentence of Paragraph 523.  The remaining allegations set forth in Paragraph 523 characterize the Regulatory Impact Analysis, which speaks for itself and is the best evidence of its content.

524.     The allegations set forth in Paragraph 524 characterize the Regulatory Impact Analysis, which speaks for itself and is the best evidence of its content.

525.     The allegations set forth in Paragraph 525 characterize the Regulatory Impact Analysis, which speaks for itself and is the best evidence of its content.

526.     The allegations set forth in Paragraph 526 characterize the Regulatory Impact Analysis, which speaks for itself and is the best evidence of its content.

527.     Federal Defendants deny the allegations set forth in the first sentence of Paragraph 527.  The remaining allegations set forth in Paragraph 527 characterize the Regulatory Impact Analysis, which speaks for itself and is the best evidence of its content.

528.     Denied.

529.     Denied.

530.     Denied.

531.     Federal Defendants deny the allegations set forth in the first sentence of Paragraph 531.  The allegations set forth in remainder of Paragraph 531 characterize Congressional Research Service documents, which speak for themselves and are the best evidence of their content.

532.     The allegations set forth in Paragraph 532 characterize the Congressional Research Service documents, which speak for themselves and are the best evidence of their content.

533.     Federal Defendants deny the allegations set forth in the first sentence of Paragraph 533.  The remaining allegations set forth in Paragraph 533 characterize the 1997 Effectiveness Study, which speaks for itself and is the best evidence of its content.

534.     Denied.

535.     Federal Defendants admit the allegations set forth in the first sentence of Paragraph 535.  The allegations set forth in the second sentence of Paragraph 535 characterize the Final Rule, which speaks for itself and is the best evidence of its content.  The allegations set forth in the third

61

sentence of Paragraph 535 constitute Plaintiffs' conclusions of law, to which no response is required.

SECTION OF THE COMPLAINT ENTITLED "LEGAL BACKGROUND"

Subsection of the Complaint entitled "Administrative Procedure Act"

536.    The allegations set forth in Paragraph 536 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize judicial decisions, which speak for themselves and are the best evidence of their content.

537.    The allegations set forth in Paragraph 537 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize judicial decisions, which speak for themselves and are the best evidence of their content.

538.    The allegations set forth in Paragraph 538 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a judicial decision, which speaks for itself and is the best evidence of its content.

539.    The allegations set forth in Paragraph 539 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize judicial decisions, which speak for themselves and are the best evidence of their content.

540.    The allegations set forth in Paragraph 540 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a statutory provision, which speaks for itself and is the best evidence of its content.

541.    The allegations set forth in Paragraph 541 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a judicial decision, which speaks for itself and is the best evidence of its content.

542.     The allegations set forth in Paragraph 542 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a judicial decision, which speaks for itself and is the best evidence of its content.

543.     The allegations set forth in Paragraph 543 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize judicial decisions, which speak for themselves and are the best evidence of their content.

544.     The allegations set forth in Paragraph 544 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize judicial decisions, which speak for themselves and are the best evidence of their content.

545.     The allegations set forth in Paragraph 545 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a judicial decision and a statutory provision, each of which speaks for itself and is the best evidence of its content.

546.     The allegations set forth in Paragraph 546 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a judicial decision, which speaks for itself and is the best evidence of its content.

547.     The allegations set forth in Paragraph 547 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a statutory provision and judicial decisions, which speak for themselves and are the best evidence of their content.

548.     The allegations set forth in Paragraph 548 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a statutory provision and a judicial decision, each of which speaks for itself and is the best evidence of its content.

549.     The allegations set forth in Paragraph 549 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a statutory provision and judicial decisions, which speak for themselves and are the best evidence of their content.

<u>Subsection of the Complaint entitled "National Environmental Policy Act"</u>

550. The allegations set forth in Paragraph 550 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a statutory provision, which speaks for itself and is the best evidence of its content.

551. The allegations set forth in Paragraph 551 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a statutory provision, which speaks for itself and is the best evidence of its content.

552. The allegations set forth in Paragraph 552 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a judicial decision, a statutory provision, and a regulatory provision, each of which speaks for itself and is the best evidence of its content.

553. The allegations set forth in Paragraph 553 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize judicial decisions, which speak for themselves and are the best evidence of their content.

554. The allegations set forth in Paragraph 554 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a statutory provision, which speaks for itself and is the best evidence of its content.

555. The allegations set forth in Paragraph 555 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a judicial decision, which speaks for itself and is the best evidence of its content.

556. The allegations set forth in Paragraph 556 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a judicial decision, which speaks for itself and is the best evidence of its content.

557.    The allegations set forth in Paragraph 557 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a judicial decision and a statutory provision, each of which speaks for itself and is the best evidence of its content.

558.    The allegations set forth in Paragraph 558 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a statutory provision, which speaks for itself and is the best evidence of its content.

559.    The allegations set forth in Paragraph 559 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a judicial decision, which speaks for itself and is the best evidence of its content.

<u>SECTION OF THE COMPLAINT ENTITLED "CLAIMS FOR RELIEF"</u>

<u>SECTION OF THE COMPLAINT ENTITLED "FIRST CLAIM FOR RELIEF"</u>

<u>Subsection of the Complaint entitled "Violation of the Administrative Procedure Act – Arbitrary and Capricious Policy Reversal"</u>

560.    Federal Defendants restate their responses to preceding Paragraphs.

561.    Denied.

562.    The allegations set forth in Paragraph 562 characterize a judicial decision, which speaks for itself and is the best evidence of its content.

563.    The allegations set forth in Paragraph 563 characterize a judicial decision, which speaks for itself and is the best evidence of its content.

564.    Denied.

565.    Denied.

566.    Denied.

567.    Denied.

568.    Denied.

569.    Denied.

570.    Denied.

571.    Denied.

572.    Denied.

SECTION OF THE COMPLAINT ENTITLED "SECOND CLAIM FOR RELIEF"

Subsection of the Complaint entitled "Violation of the Administrative Procedure Act – Explanation that Runs Counter to the Evidence before the Agency"

573.    Federal Defendants restate their responses to preceding Paragraphs.

574.    The allegations set forth in Paragraph 574 characterizes judicial decisions, which speak for themselves and are the best evidence of their content.

575.    Denied.

576.    Denied.

577.    The allegations set forth in the first sentence of Paragraph 577 constitute Plaintiffs' conclusions of law, to which no response is required.  Federal Defendants deny the remaining allegations set forth in Paragraph 577.

578.    The allegations set forth in the first sentence of Paragraph 578 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.  Federal Defendants deny the remaining allegations set forth in Paragraph 578.

579.    Denied.

580.    Denied.

SECTION OF THE COMPLAINT ENTITLED "THIRD CLAIM"

Subsection of the Complaint entitled "Violation of the Administrative Procedure Act – Unlawful Reliance on Factors not Intended by Congress"

581.    Federal Defendants restate their responses to preceding Paragraphs.

582.     The allegations set forth in the first and third sentences of Paragraph 582 characterizes judicial decisions, which speak for themselves and are the best evidence of their content.  The allegations set forth in the second sentence of Paragraph 582 characterize a statutory provision, which speaks for itself and is the best evidence of its content.

583.     The allegations set forth in Paragraph 583 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a statutory provision, which speaks for itself and is the best evidence of its content.

584.     Denied.

585.     Denied.

586.     The allegations set forth in Paragraph 586 constitute Plaintiffs' conclusions of law, to which no response is required, and characterize a statutory provision, which speaks for itself and is the best evidence of its content.

587.     Denied.

588.     Denied.

SECTION OF THE COMPLAINT ENTITLED "FOURTH CLAIM FOR RELIEF"

Subsection of the Complaint entitled "Violation of the Administrative Procedure Act – Arbitrary and Capricious Failure to Consider Relevant Factors"

589.     Federal Defendants restate their responses to preceding Paragraphs.

590.     The allegations set forth in Paragraph 590 characterize judicial decisions, which speak for themselves and are the best evidence of their content.

591.     Denied.

592.     Denied.

593.      The allegations set forth in Paragraph 593 constitute Plaintiffs' conclusions of law, to which no response is required.

594.     The allegations set forth in the first sentence of Paragraph 594 constitute Plaintiffs' conclusions of law and characterize a statutory provision, which speaks for itself and is the best evidence of its content.  Federal Defendants deny the allegations set forth in the second sentence of Paragraph 594.

595.     Denied.

### SECTION OF THE COMPLAINT ENTITLED "FIFTH CLAIM FOR RELIEF"

Subsection of the Complaint entitled "Violation of the Administrative Procedure Act – Arbitrary and Capricious Failure to Consider Reliance Interests"

596.     Federal Defendants restate their responses to preceding Paragraphs.

597.     The allegations set forth in Paragraph 597 characterize a judicial decision, which speaks for itself and is the best evidence of its content.

598.     Denied.

599.     The allegations set forth in the first and second sentences of Paragraph 599 constitute Plaintiffs' conclusions of law, to which no response is required.  Federal Defendants deny the allegations set forth in the third sentence of Paragraph 599.

600.     The allegations set forth in the first sentence of Paragraph 600 constitute Plaintiffs' conclusions of law, to which no response is required.  Federal Defendants deny the allegations set forth in the second sentence of Paragraph 600.

601.     The allegations set forth in the first sentence of Paragraph 601 constitute Plaintiffs' conclusions of law, to which no response is required.  Federal Defendants deny the allegations set forth in the second sentence of Paragraph 601.

602.     The allegations set forth in the first and second sentences of Paragraph 602 constitute Plaintiffs' conclusions of law, to which no response is required.  Federal Defendants deny the allegations set forth in the third sentence of Paragraph 602.

603.    Denied.

604.    Denied.

605.    Denied.

606.    Denied.

SECTION OF THE COMPLAINT ENTITLED "SIXTH CLAIM FOR RELIEF"

Subsection of the Complaint entitled "Violation of the Administrative Procedure Act – Arbitrary and Capricious Failure to Respond to Relevant and Significant Comments"

607.    Federal Defendants restate their responses to preceding Paragraphs.

608.    The allegations set forth in Paragraph 608 characterize judicial decisions, which speak for themselves and are the best evidence of their content.

609.    Denied.

610.    Federal Defendants admit the allegations set forth in the first sentence of Paragraph 610.  Federal Defendants deny the allegations set forth in the second sentence of Paragraph 610.

611.    Denied.

612.    Denied.

613.    Denied.

614.    Denied.

SECTION OF THE COMPLAINT ENTITLED "SEVENTH CLAIM FOR RELIEF"

Subsection of the Complaint entitled "Violation of the Administrative Procedure Act – Arbitrary and Capricious Failure to Consider Obvious Alternatives"

615.    Federal Defendants restate their responses to preceding Paragraphs.

616.    The allegations set forth in Paragraph 616 characterize judicial decisions, which speak for themselves and are the best evidence of their content.

617.     The allegations set forth in Paragraph 617 characterize judicial decisions,

respectively, which speak for themselves and are the best evidence of their content.

618.     Denied.

619.     Denied.

SECTION OF THE COMPLAINT ENTITLED "EIGHTH CLAIM FOR RELIEF"

Subsection of the Complaint entitled "Violation of the Administrative Procedure Act –

Retroactive Application of Notice and Comment Rulemaking"

620.     Federal Defendants restate their responses to preceding Paragraphs.

621.     The allegations set forth in Paragraph 621 characterize judicial decisions, which

speak for themselves and are the best evidence of their content.

622.     Denied.

623.     Denied.

624.     Denied.

SECTION OF THE COMPLAINT ENTITLED "NINTH CLAIM FOR RELIEF"

Subsection of the Complaint entitled "Violation of the Administrative Procedure Act –

Failure to Demonstrate that the New Policy is Consistent with the Governing Statute"

625.     Federal Defendants restate their responses to preceding Paragraphs.

626.     The allegations set forth in the first sentence of Paragraph 626 characterize a

judicial decision, which speaks for itself and is the best evidence of its content.  Federal

Defendants deny the allegations set forth in the second sentence of Paragraph 626.

627.     Denied.

Subsection of the Complaint entitled "A) Environmental Effects"

628.     Denied.

629.     The allegations set forth in the first half of the first sentence of Paragraph 629 characterize the CEQ NEPA rule, which speaks for itself and is the best evidence of its content. The remaining allegations set forth in Paragraph 629 characterize a provision of the prior regulations, 40 C.F.R. § 1508.8(b), which speaks for itself and is the best evidence of its content.

630.     The allegations set forth in Paragraph 630 purport to quote and characterize the CEQ NEPA rule, which speaks for itself and is the best evidence of its content.

631.     The allegations set forth in the first sentence of Paragraph 631 constitute Plaintiffs' conclusions of law, to which no response is required.  Federal Defendants deny the allegations set forth in the second sentence of Paragraph 631.

632.     Denied.

Subsection of the Complaint entitled "B) Alternatives"

633.     Denied.

634.     The allegations set forth in the first and third sentences of Paragraph 634 constitute Plaintiffs' conclusions of law, to which no response is required.  The allegations set forth in the second and fourth sentences of Paragraph 634 characterize a statutory provision and judicial decisions, respectively, which speak for themselves and are the best evidence of their content.

635.     Denied.

Subsection of the Complaint entitled "C) Federal Actions Requiring Review"

636.     Denied.

637.     The allegations set forth in the first and second sentences of Paragraph 637 are denied.  The allegations set forth in the third sentence of Paragraph 637 characterize judicial decisions, which speak for themselves and are the best evidence of their content

638.     Denied.

Subsection of the Complaint entitled "D) Allowing actions to proceed during the NEPA process"

639. Denied.

640. Denied.

641. Denied.

642. Denied.

Subsection of the Complaint entitled "E) Excluding Federal Financial Assistance from NEPA Review"

643. Denied.

644. Denied.

645. Denied.

Subsection of the Complaint entitled "F) Comment Specificity Requirements that Disregard Important Types of Impacts"

646. Denied.

647. Denied.

648. Denied.

649. Denied.

SECTION OF THE COMPLAINT ENTITLED "TENTH CLAIM FOR RELIEF"

Subsection of the Complaint entitled "Changes that are Outside CEQ's Lawful Authority"

650. Denied.

651. The allegations set forth in Paragraph 651 constitute Plaintiffs' conclusions of law, to which no response is required.

652. Denied.

653. Denied.

654.    Denied.

655.    Denied.

656.    Denied.

SECTION OF THE COMPLAINT ENTITLED "PRAYER FOR RELIEF"

The allegations set forth in this section of the Complaint constitute Plaintiffs' requests for relief, to which no response is required.  Federal Defendants deny that Plaintiffs are entitled to any relief.

GENERAL DENIAL

Federal Defendants deny each and every allegation of the Complaint not specifically admitted in their responses to the Complaint's specific Paragraphs, set forth above.  To the extent that any allegations of fact in the Complaint remain unanswered, Federal Defendants deny such allegations.

DEFENSES

1.    All or part of Plaintiffs' asserted claims are not ripe.

2.    All or some of Plaintiffs have failed to establish their standing under the Administrative Procedure Act, 5 U.S.C. § 702, as a "person suffering legal wrong because of agency action" and/or as a person "adversely affected or aggrieved by agency action within the meaning of a relevant statute."

3.    All or some of Plaintiffs have failed to establish their standing under Article III of the U.S. Constitution.

4.    All or part of Plaintiffs' asserted claims do not state a claim upon which relief can be granted.

5.     Federal Defendants reserve the right to raise any defense–including, but not limited to, those expressly found in Federal Rules of Civil Procedure 8(c) and 12–that may be supported as this case proceeds.

Respectfully submitted this 4th day of November, 2020,

DANIEL P. BUBAR
Acting United States Attorney

/s/ *Krista Frith*
Assistant United States Attorney
Virginia Bar No. 89088
United States Attorney's Office
P.O. Box 1709
Roanoke, VA 24008
TEL (540) 857-2250
FAX (540) 857-2614
Krista.frith@usdoj.gov

JEFFREY BOSSERT CLARK
Assistant Attorney General
JONATHAN BRIGHTBILL
Principal Deputy Assistant Attorney General
PAUL E. SALAMANCA
Deputy Assistant Attorney General

/s/ *Barclay T. Samford*
BARCLAY T. SAMFORD
NM State Bar No. 12323
Senior Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1475
E-mail: clay.samford@usdoj.gov

ALLEN M. BRABENDER
Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Appellate Section
Post Office Box 7415
Washington, D.C. 20044
Tel: (202) 514-5316
E-mail: allen.brabender@usdoj.gov

STEVEN W. BARNETT
Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
Post Office Box 7415
Washington, D.C. 20044
Tel: (202) 514-1442
E-mail: steven.barnett@usdoj.gov

MATTHEW R. OAKES
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
Post Office Box 7415
Washington, D.C. 20044
Tel: (202) 514-1442
E-mail: matthew.oakes@usdoj.gov

CLARE BORONOW
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1362
E-mail: clare.boronow@usdoj.gov