# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| WILD VIRGINIA, VIRGINIA WILDERNESS COMMITTEE, UPSTATE FOREVER, SOUTH CAROLINA WILDLIFE FEDERATION, NORTH CAROLINA WILDLIFE FEDERATION, NATIONAL TRUST FOR HISTORIC PRESERVATION, MOUNTAINTRUE, HAW RIVER ASSEMBLY, HIGHLANDERS FOR RESPONSIBLE DEVELOPMENT, DEFENDERS OF WILDLIFE, COWPASTURE RIVER PRESERVATION ASSOCIATION, CONGAREE RIVERKEEPER, THE CLINCH COALITION, CLEAN AIR CAROLINA, CAPE FEAR RIVER WATCH, ALLIANCE FOR THE SHENANDOAH VALLEY, and ALABAMA RIVERS ALLIANCE, | Case No. 3:20-cv-00045-JPJ-PMS <br><br> **DEFENDANTS' MOTION FOR REMAND WITHOUT VACATUR** |
| Plaintiffs, | |
| v. | |
| COUNCIL ON ENVIRONMENTAL QUALITY and MARY NEUMAYR IN HER OFFICIAL CAPACITY AS CHAIR OF THE COUNCIL ON ENVIRONMENTAL QUALITY, | |
| Defendants, | |
| and | |
| AMERICAN FARM BUREAU FEDERATION, AMERICAN FOREST RESOURCE COUNCIL, AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS, AMERICAN PETROLEUM INSTITUTE, AMERICAN ROAD & TRANSPORTATION BUILDERS ASSOCIATION, CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, FEDERAL FOREST RESOURCE COUNCIL, INTERSTATE NATURAL GAS ASSOCIATION OF AMERICA, and NATIONAL CATTLEMEN'S BEEF ASSOCIATION, | |
| Defendant-Intervenors. | |

Defendants respectfully request that the Court remand, without vacatur, the Council on Environmental Quality's ("CEQ") 2020 rule revising its regulations implementing the National Environmental Policy Act ("NEPA"). Defendants submit this motion in lieu of filing a reply in support of their cross-motion for summary judgment. Remand is appropriate here because CEQ "has commenced a comprehensive reconsideration of the 2020 Rule to evaluate its legal basis, policy orientation, and conformance with Administration priorities, including the Administration's commitment to addressing climate change and environmental justice." Decl. of Matthew Lee-Ashley ¶ 9, Ex. A.

Defendants have conferred with the parties regarding this motion. Plaintiffs represent that they cannot take a position on the motion until they have seen it, but intend to file a response within 7 days. Defendant-Intervenors do not object to the motion based on counsel for Defendants' description, but reserve the right to file a response if they think one is necessary, after seeing the motion.

## BACKGROUND

On July 16, 2020, CEQ issued a rule entitled "Update to the Regulations Implementing the Procedural Provisions of the National Environmental Policy Act" ("2020 Rule"). AR 1 (85 Fed. Reg. 43,304 (July 16, 2020)). The rule revised CEQ's longstanding 1978 regulations instructing federal agencies how to implement NEPA. *Id.* The 2020 Rule applies to any NEPA process begun after September 14, 2020, and may be applied to any NEPA process begun before September 14, 2020. 40 C.F.R. § 1506.13 (2020) (AR 69-70).

On January 20, 2021, President Biden was inaugurated and immediately issued Executive Order 13990, "Protecting Public Health and the Environment and Restoring Science to Tackle

the Climate Crisis." 86 Fed. Reg. 7,037 (Jan. 25, 2021) ("EO 13990"). EO 13990 stated that it is the policy of the new administration

> to listen to the science; to improve public health and protect our environment; to ensure access to clean air and water; to limit exposure to dangerous chemicals and pesticides; to hold polluters accountable, including those who disproportionately harm communities of color and low-income communities; to reduce greenhouse gas emissions; to bolster resilience to the impacts of climate change; to restore and expand our national treasures and monuments; and to prioritize both environmental justice and the creation of the well-paying union jobs necessary to deliver on these goals.

*Id.* at 7,037. EO 13990 directs federal agencies to "immediately review and, as appropriate and consistent with applicable law, take action to address the promulgation of Federal regulations and other actions during the last 4 years that conflict with these important national objectives, and to immediately commence work to confront the climate crisis." *Id.* That same day the White House separately published a Fact Sheet listing agency actions subject to EO 13990.[1] That Fact Sheet identified the 2020 Rule as one of the agency actions to be reviewed.

More recently, on January 27, 2021, President Biden issued Executive Order 14008, "Tackling the Climate Crisis at Home and Abroad." 86 Fed. Reg. 7,619 (Feb. 1, 2021) ("EO 14008"). EO 14008 declares the Administration's policy to "move quickly to build resilience, both at home and abroad, against the impacts of climate change that are already manifest and will continue to intensify according to current trajectories." *Id.* at 7,619. It also states that it is the Administration's policy to "secure environmental justice and spur economic opportunity for disadvantaged communities that have been historically marginalized and overburdened by pollution and underinvestment in housing, transportation, water and wastewater infrastructure, and health care." *Id.* at 7,629.

---

[1] Fact Sheet: List of Agency Actions for Review, *available at* https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-sheet-list-of-agency-actions-for-review/.

Plaintiffs filed this case on July 29, 2020 alleging that CEQ violated the Administrative Procedure Act ("APA") by changing its policies with insufficient explanation; providing explanations that run counter to the evidence before it; relying on improper factors that Congress did not intend the agency to consider; failing to consider relevant factors and reliance interests; failing to respond to significant comments; failing to consider reasonable alternatives; allowing the 2020 Rule to apply retroactively to projects for which the NEPA process has already begun; failing to demonstrate that the 2020 Rule is consistent with NEPA; and including provisions that are outside of CEQ's authority.  Compl. ¶¶ 560-656, ECF No. 1.  Plaintiffs immediately moved for a preliminary injunction and Defendants and Defendant-Intervenors moved to dismiss.  ECF Nos. 30, 52, 56.  The Court denied both sets of motions.  ECF Nos. 92, 98.  Plaintiffs then filed their motion for summary judgment on November 19, 2020, ECF No. 105, and Defendants and Defendant-Intervenors cross-moved for summary judgment on December 21, 2020.  ECF Nos. 128, 129.  Plaintiffs filed a reply in support of their summary judgment motion on January 20, 2021.  ECF No. 132.  Defendants' reply in support of their cross-motion is due March 17, 2021.  ECF No. 139.  In lieu of filing a reply, Defendants submit this motion for remand.

As explained in the attached declaration, CEQ is currently reconsidering the 2020 Rule as directed by EO 13990. Ex. A ¶¶ 5-6.  During its reconsideration process, "CEQ will consider the full array of questions and substantial concerns connected to the 2020 Rule, including revisiting positions that CEQ has taken in this litigation." *Id.* ¶ 9.  Many of the specific topics that CEQ has committed to considering as part of that process implicate issues raised in this litigation, including:

- Whether the 2020 Rule may adversely affect environmental justice or impair participation by environmental justice communities in the NEPA process;

4

- Whether the 2020 Rule may adversely affect climate change, climate resilience, or environmental quality generally;

- Whether the 2020 Rule is consistent with administrative law principles or unduly restricts public and community participation, including participation by environmental justice communities and their members, or has the foreseeable effect of unduly restricting such participation;

- Whether the 2020 Rule improperly or unlawfully circumscribes the range of alternatives, long recognized by regulation and caselaw to be the heart of an Environmental Impact Statement, or has the foreseeable effect of leading agencies to consider an improperly narrow range of alternatives;

- Whether the 2020 Rule improperly or unlawfully circumscribes the environmental effects, including climate change effects, to be evaluated by federal agencies, or has the foreseeable effect of leading agencies to improperly circumscribe the environmental effects considered;

- Whether the 2020 regulation improperly or unlawfully excludes certain actions from the definition of "major federal action" for purposes of NEPA's applicability, or has the foreseeable effect of improperly excluding certain federal actions from review under NEPA.

*Id.* "CEQ expects to decide in the coming weeks how to address" these questions and substantial concerns, "including whether to propose to amend or repeal the 2020 rule, in whole or in part." *Id.* ¶ 10.

## STANDARD OF REVIEW FOR VOLUNTARY REMAND

"[A]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider." *Friends of DeReef Park v. Nat'l Park Serv.*, No. 13-cv-03453-DCN, 2015 WL 12807800, at *11 (D.S.C. May 27, 2015) (quoting *Trujillo v. Gen. Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980)). To that end, "when federal agencies take erroneous or unlawful action, courts generally should not stand in the way of the agencies' remediation of their own mistakes." *Last Best Beef, LLC v. Dudas*, 506 F.3d 333, 340 (4th Cir. 2007).

"[A]n agency may file a motion for voluntary remand 'without confessing error, to reconsider its previous position,' when its action is before a federal district court for review." *Makhteshim Agan of N. Am., Inc. v. Nat'l Marine Fisheries Serv.*, No. 18-cv-961-PWG, 2019 WL 5964526, at *2 (D. Md. Oct. 18, 2019) (quoting *Ohio Valley Env't Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 215 (4th Cir. 2009)). A remand is "generally required" if "intervening events outside of the agency's control" "affect the validity of the agency action." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001). But "even if there are no intervening events, the agency may request a remand (without confessing error) in order to reconsider its previous position." *Id*. at 1029. Courts "generally grant an agency's motion to remand so long as 'the agency intends to take further action with respect to the original agency decision on review.'" *Util. Solid Waste Activities Grp. v. Env't Prot. Agency*, 901 F.3d 414, 436 (D.C. Cir. 2018) (citation omitted).

## ARGUMENT

When determining whether to grant a motion for voluntary remand courts consider whether: (1) the agency has articulated a sufficient rationale for "reconsider[ing] its previous

position," *Ohio Valley Env't Coal.*, 556 F.3d at 215 (citation omitted), such as identifying "substantial and legitimate" concerns in support of remand, *SKF*, 254 F.3d at 1029; (2) remand supports "judicial economy," *Friends of Park v. Nat'l Park Serv.*, No. 13-cv-03453-DCN, 2014 WL 6969680, at *2 (D.S.C. Dec. 9, 2014); and (3) voluntary remand would cause "undue prejudice" to the parties, *FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 73 (D.D.C. 2015).  Here, the balance of all three factors weighs in favor of remand.

**First**, voluntary remand is appropriate because CEQ has identified "substantial and legitimate concerns" with the 2020 Rule and is currently considering whether to initiate a process to amend or repeal the Rule.  *SKF*, 254 F.3d at 1029 ("[I]f the agency's concern [with the challenged action] is substantial and legitimate, a remand is usually appropriate."); *Friends of Park*, 2014 WL 6969680, at *2 (same).  CEQ has explained that it has

> substantial concerns about the effects of the 2020 Rule on public health, the nation's land, water, and air quality, communities that have been historically marginalized and overburdened by pollution, the ability of citizens to have their voices heard in federal decision-making processes, and other issues, including the process by which the 2020 Rule was promulgated and the lawfulness of aspects of the 2020 Rule.

Ex. A ¶ 5.  Specifically, CEQ has "substantial concerns" about whether the 2020 Rule may adversely affect environmental justice, and "climate change, climate resilience, or environmental quality generally."  *Id.* ¶ 9.  CEQ also has serious concerns about whether the 2020 Rule "unduly restrict[s]" participation in the NEPA process; "improperly or unlawfully circumscribes" the range of alternatives and environmental effects considered by agencies during the NEPA process; and "improperly or unlawfully excludes" certain actions from review under NEPA.  *Id.*

Courts have granted remand in similar situations.  For example, in *SKF USA Inc. v. United States*, the Federal Circuit found a remand to the Department of Commerce appropriate in light of the agency's change in policy.  254 F.3d at 1025, 1030.  Likewise, in *FBME Bank Ltd. v.*

*Lew*, the District Court for the District of Columbia remanded a rulemaking to the Department of the Treasury to allow the agency to address "serious 'procedural concerns'" with the rule, including "potential inadequacies in the notice-and-comment process as well as [the agency's] seeming failure to consider significant, obvious, and viable alternatives." 142 F. Supp. 3d at 73. And in *Friends of Park v. National Park Service*, the District Court for the District of South Carolina granted voluntary remand after the plaintiff had filed a summary judgment motion based on the National Park Service's statement that it was "unable to confirm" whether the challenged agency action "comport[ed] with the NEPA." 2014 WL 6969680, at *2.

A confession of error is not necessary for voluntary remand so long as the agency is committed to reconsidering its decision. *SKF*, 254 F.3d at 1029. For example, remand may be appropriate if an agency "wishe[s] to consider further the governing statute, or the procedures that were followed," or if an agency has "doubts about the correctness of its decision or that decision's relationship to the agency's other policies." *Id.*; *see also Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 387 (D.C. Cir. 2017) (An agency does not need to "confess error or impropriety in order to obtain a voluntary remand" so long as it has "profess[ed] [an] intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge."). That standard is met here, as CEQ has made clear that it intends to "comprehensive[ly] reconsider[]" the 2020 Rule to address "substantial concerns connected to the 2020 Rule." Ex. A ¶ 9. CEQ is already working diligently to conduct this reconsideration process, and expects to decide how to best address its concerns with the 2020 Rule "in the coming weeks." *Id.* ¶ 10. As part of that decision process, CEQ is considering "whether to propose to amend or repeal the 2020 rule, in whole or in part." *Id.* CEQ's commitment to

8

comprehensively reconsidering the 2020 Rule and potentially proposing a new rulemaking to amend or repeal the Rule justifies remand.

In sum, "an agency must be allowed to assess 'the wisdom of its policy on a continuing basis.'" *Ohio Valley Env't Coal.*, 556 F.3d at 215 (citation omitted).  CEQ's actions are consistent with that principle, and this Court "should permit such a remand in the absence of apparent or clearly articulated countervailing reasons." *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004).

**Second**, granting remand here is in the interest of judicial economy.  "Remand has the benefit of allowing 'agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.'" *Util. Solid Waste*, 901 F.3d at 436 (quoting *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993)).  Here, allowing CEQ to reconsider its decision made during the prior Administration—including questions about the legality and policy effects of the rule—and address its serious concerns with the 2020 Rule through the administrative process will preserve this Court's and the parties' resources.  *See FBME Bank*, 142 F. Supp. 3d at 74; *see also B.J. Alan Co. v. ICC*, 897 F.2d 561, 562 n.1 (D.C. Cir. 1990) ("[A]dministrative reconsideration is a more expeditious and efficient means of achieving adjustment of agency policy than is resort to the federal courts." (quoting *Pennsylvania v. ICC*, 590 F.2d 1187, 1194 (D.C. Cir. 1978))).  Continuing to litigate the very same issues that CEQ is currently reconsidering and will decide how to address "in the coming weeks," potentially through a new rulemaking, "would be inefficient," *FBME Bank*, 142 F. Supp. 3d at 74, and a waste of "scarce judicial resources," *Friends of Park*, 2014 WL 6969680, at *2.

In addition, continuing to litigate this case would interfere with CEQ's ongoing reconsideration process by forcing the agency to structure its administrative process around pending litigation, rather than the agency's priorities and expertise. *See Am Forest Res. Council v. Ashe*, 946 F. Supp. 2d 1, 43 (D.D.C. 2013) (noting that because agency did "not wish to defend" action, "forcing it to litigate the merits would needlessly waste not only the agency's resources but also time that could instead be spent correcting the rule's deficiencies"); *cf. Reg'l Mgmt. Corp. v. Legal Servs. Corp.*, 186 F.3d 457, 465 (4th Cir. 1999) (Agencies have an "interest in crystallizing [their] policy before that policy is subject to review." (citation omitted)).

**Third**, any prejudice Plaintiffs may suffer due to a remand without vacatur would be limited here because CEQ has committed to reconsidering the 2020 Rule precisely to ensure that NEPA is implemented in a manner consistent with the policies set forth in EO 13990 and EO 14008, many of which implicate the same concerns that Plaintiffs have raised in this litigation. Ex. A ¶¶ 6-7; 86 Fed. Reg. at 7,037; 86 Fed. Reg. at 7,619, 7,629.  For example, consistent with those executive orders, CEQ is currently reconsidering the 2020 Rule's treatment of, and effect on, environmental justice, climate change, and public participation in the NEPA process—all issues raised in this case.  Ex. A ¶ 9.  Moreover, CEQ has committed to taking "appropriate steps to engage stakeholders and the public," including Plaintiffs and Defendant-Intervenors, in its reconsideration process.  *Id.* ¶ 5.

While it is true that a new rulemaking process will take longer than judicial vacatur, Plaintiffs can show no prejudice from this delay because the 2020 Rule regulates only federal agencies; it has no direct effect on Plaintiffs or Defendant-Intervenors.  As Defendants have explained, Plaintiffs' alleged harms all flow from the implementation of the 2020 Rule in a specific future project.  *See* Defs.' Br. in Supp. of Mot. to Dismiss 16-18, 27-32, ECF No. 53;

10

Defs.' Reply in Supp. of Mot. to Dismiss 7-11, 13-24, ECF No. 90.  To date, Plaintiffs have not identified any imminent and concrete harms.  *See id.*[2]  Thus, their allegations are "too abstract and speculative to clearly outweigh [remand's] benefits," including allowing CEQ to address its concerns with the 2020 Rule through the administrative process.  *Am. Forest Res. Council*, 946 F. Supp. 2d at 44.  Further, Plaintiffs continue to have the option to challenge individual NEPA processes taken under the 2020 Rule as they arise, to the extent they may threaten imminent, concrete harm to a party or its members in the future.  *See Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 734 (1998) (Plaintiff "will have ample opportunity later to bring [their] legal challenge" in the context of a future agency action applying the challenged plan "when harm is more imminent and more certain.").

## CONCLUSION

CEQ has identified numerous concerns with the 2020 Rule, many of which have been raised by Plaintiffs in this case, and has already begun reconsidering the Rule.  Where an agency has committed to reconsidering the challenged action, the proper course is remand to allow the agency to address its concerns through the administrative process.  *See Dudas*, 506 F.3d at 340.  Rather than requiring CEQ to litigate a rule that it has committed to reconsidering, Defendants respectfully ask the Court to remand the 2020 Rule to the agency.

Respectfully submitted this 17th day of March, 2021.

---

[2] Plaintiffs attached a new declaration to their reply in support of their summary judgment motion that references the recent reissuance of certain nationwide permits by the U.S. Army Corps of Engineers under the 2020 Rule.  ECF No. 132-1 ¶ 20.  But the declarant does not tie the permits to specific future projects or to a concrete and imminent harm to herself or her organization.  *See id.* ¶ 21.

| | |
|---|---|
| DANIEL P. BUBAR<br>Acting United States Attorney<br><br>*/s/ Krista Consiglio Frith*<br>Assistant United States Attorney<br>Virginia Bar No. 89088<br>United States Attorney's Office<br>P.O. Box 1709<br>Roanoke, VA 24008<br>TEL (540) 857-2250<br>FAX (540) 857-2614<br>Krista.frith@usdoj.gov | JEAN E. WILLIAMS<br>Acting Assistant Attorney General<br><br>*/s/ Clare Boronow*<br>CLARE BORONOW<br>Trial Attorney<br>U.S. Department of Justice<br>Environment and Natural Resources Division<br>Natural Resources Section<br>999 18th Street, South Terrace, Suite 370<br>Denver, CO 80202<br>Tel: (303) 844-1362<br>clare.boronow@usdoj.gov<br><br>ALLEN M. BRABENDER<br>Attorney<br>U.S. Department of Justice<br>Environment and Natural Resources Division<br>Appellate Section<br>Post Office Box 7415<br>Washington, D.C. 20044<br>Tel: (202) 514-5316<br>E-mail: allen.brabender@usdoj.gov<br><br>STEVEN W. BARNETT<br>Attorney<br>U.S. Department of Justice<br>Environment and Natural Resources Division<br>Law and Policy Section<br>Post Office Box 7415<br>Washington, D.C. 20044<br>Tel: (202) 514-1442<br>E-mail: steven.barnett@usdoj.gov<br><br>MATTHEW R. OAKES<br>Senior Counsel<br>U.S. Department of Justice<br>Environment and Natural Resources Division<br>Law and Policy Section<br>Post Office Box 7415<br>Washington, D.C. 20044<br>Tel: (202) 514-1442<br>E-mail: matthew.oakes@usdoj.gov<br><br>GREGORY M. CUMMING<br>Trial Attorney<br>U.S. Department of Justice |

Environment and Natural Resources Division
Natural Resources Section
150 M Street, N.E.
Washington, D.C. 20002
Tel: (202) 598-0414
E-mail: gregory.cumming@usdoj.gov

13